■ INTERBORO MUTUAL INDEMNITY INSURANCE COMPANY, Appellant, v GORDON H. MILES et al., Respondents.—Appeal from a judgment of the Supreme Court, entered October 21, 1974 in Greene County, upon a decision of the court at a Trial Term without a jury. The plaintiff sought a declaratory judgment that it had validly disclaimed coverage under its insurance policy upon the ground that its insured, the defendant Constance Minniti, had failed to promptly notify it that her automobile had been involved in an

accident. Among other things, the insurance policy provided that notice of an accident must be given to the plaintiff "as soon as practicable". It is undisputed that on or about March 22, 1971 the motor vehicle owned by the insured was involved in a collision with a vehicle operated by the defendant, Gordon H. Miles. At the time of the accident the insured's vehicle was being operated by the defendant Donald J. Minniti. The record, however, does not disclose that the insured was either present at the time of the accident or had any particular knowledge regarding the same prior to her receipt of a letter from an attorney representing Miles on or about August 26, 1971. Three days after the accident Donald J. Minniti notified the insured's agency through which the policy had been purchased of the accident. It is stipulated that the broker was not an agent of the plaintiff. The insured apparently caused the letter of August 26, 1971 to be turned over to the insurance broker and it is stipulated that the broker did forward the letter to the plaintiff. On September 27, 1971 the plaintiff sent a letter to the insured which asserted that there had been some delay in promptly reporting the facts as to the accident and requested her to forward an accident report "with the full reservation of our rights under the policy." On November 16, 1971 the attorney for the plaintiff gave written notice to the insured and Donald J. Minniti that the company was disclaiming as to coverage because "our first advice and notice was received by this company on or about September 16, 1971, almost six months following the event [accident]." After the disclaimer an action was commenced on behalf of Miles against the insured and Donald J. Minniti and the attorney for the plaintiff on or about September 29, 1972 filed a notice of appearance and demanded that the complaint and subsequent papers be served upon him. Thereafter the complaint was served upon him and it appears from the record that he did in fact prepare an answer, although it is not certain from the present record that the said answer was actually served. In any event, on or about December 28, 1972 *the same* attorney commenced this action on behalf of the plaintiff seeking a declaration that its disclaimer was valid. The trial court found that the record did not disclose that prior to the letter of August 26, 1971 the insured had any reason to know that there had been an accident of such a nature as to result in claims against either herself or the operator of the vehicle and, accordingly, found that the alleged delay of six months would be excusable. The court went on to find that the insurer had failed to disclaim as soon as practicable as required by section 167 of the Insurance Law (see *Allstate Ins. Co. v Gross,* 27 NY2d 263) and that there had been a waiver and/or estoppel by the plaintiff because it undertook to represent the Minnitis after having disclaimed coverage. The plaintiff in its complaint alleged somewhat equivocally in paragraph 10 thereof that although the accident had occurred on March 22, 1971 it did not receive notice thereof until September 16, 1971. The answer on behalf of the insured and Donald J. Minniti denied the allegations in the said paragraph 10. At the trial the attorneys for the parties submitted the case upon stipulated facts. Nowhere in the said stipulated facts or in the entire record is there any evidence to support the allegation of the plaintiff in regard to a six months delay in giving notice of the happening of the accident. It appears that the plaintiff failed to prove a breach of the conditions of its policy which would support a disclaimer. Furthermore, the plaintiff failed to establish any reason for its delay of about two months in giving notice of the disclaimer from the time when it admits having received notice of the accident. While no particular period of time will necessarily result in a finding of unreasonable delay (see *Allstate Ins. Co. v Gross, supra),* the

present record does not disclose any reason why it might take such a period of time to simply ascertain within its own organization as to whether or not it had been timely notified of the happening of the accident. The record does not disclose that the insured or Donald J. Minniti delayed in promptly providing the accident report first requested by the plaintiff in September of 1971, and upon the present record it would appear that the trial court could have found, as a matter of fact, that there was an unreasonable delay. In any event, the failure to prove a breach of the condition would necessarily require a dismissal of the complaint. Judgment modified, on the law, to the extent of striking the paragraph thereof dismissing the complaint, and, as so modified, affirmed, with one bill of costs to the respondents filing briefs. Herlihy, P. J., Greenblott, Sweeney, Larkin and Reynolds, JJ., concur.