VILLAGE OF POTSDAM, Appellant, v HOME INDEMNITY COMPANY, Respondent.

Third Department, May 27, 1976

*Brown & Silver (Ross E. Brown* of counsel), for appellant.

*Crapser & Kirsch (Vincent F. Kirsch* of counsel), for respondent.

GREENBLOTT, J. P. Plaintiff instituted this action for a declaratory judgment to determine that the defendant, the general liability carrier for the Village of Potsdam, is obligated to defend it and pay any judgment resulting from a third-party action by Chet Bisnet, Inc. against the plaintiff. This third-party action arose out of a claim made by Stanley Smith and Aras Smith, his father, against Bisnet. Stanley Smith, a former student employee of the Village of Potsdam, was injured on plaintiff's premises in the course of his employ-

ment on July 12, 1971. He was severely burned while using an acetylene torch to remove the top of a large metal drum which he had obtained from Bisnet for his employer's use. Smith sued Bisnet, alleging that its negligence in failing to drain the contents of said metal drum caused the explosion which inflicted plaintiff's injuries. Bisnet then brought a third-party action against the Village of Potsdam, alleging that if Smith's injuries were contributed to other than by reason of his own negligence, they were caused by the negligence of the Village of Potsdam.

The Village of Potsdam timely notified its general liability insurer, the defendant herein, which refused to defend, disclaiming liability and coverage. The village then commenced this declaratory judgment action to determine whether the defendant must afford it a defense.

Special Term granted the defendant's motion for summary judgment, ruling that the clear intent of the policy was to exclude such injuries from coverage.

Plaintiff contends that the exclusionary language of the defendant's insurance policy does not exclude coverage for the third-party claim here involved. The defendant maintains that Special Term properly granted summary judgment as its insurance policy excluded all claims arising out of bodily injury to an employee of the village arising out of and in the course of his employment. We concur.

The insurance policy between the plaintiff and defendant in relevant part provides:

"This Company will pay on behalf of the Insured all sums which the insured shall become legally obligated to pay as damages because of

"Coverage E—bodily injury * * *

"Due to an occurrence, and this Company shall have the right and duty to defend any suit against the Insured seeking damages on account of such bodily injury or property damage * * *

"Exclusions.

"This policy does not apply: * * *

"(h) under Coverage E, except with respect to liability assumed by the insured under an Insured contract, to bodily injury to any employee of the insured arising out of and in the course of his employment by the Insured; * * *

"(j) under Coverage E, to any obligation for which the Insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law."

By its terms exclusionary clause (h) is designed to exclude as a risk all claims that the village shall become obligated to pay as a result of damages because of bodily injury to an employee of the insured arising out of and in the course of his employment. These words are clear and unambiguous and must be given their plain and ordinary meaning (29 NY Jur, Insurance, §§ 597, 607). Clause (h) excludes from coverage the risk of injuries to a specified class of persons: employees in the course of their employment. As Special Term appropriately noted, to interpret clause (h) to exclude liability only where the claim is brought directly against the village by the injured employee would change the meaning of clause (h), since the clear intent of clause (h) is to exclude coverage based on a defined class of injuries, and the operation of the Workmen's Compensation Law and exclusionary clause (j) specifically exclude coverage of claims by the employee under this insurance policy. The language of clause (h) if read alone is clear enough to exclude the coverage here asserted, but certainly if both clauses (h) and (j) are read together no ambiguity appears, and the risk of paying damages due to bodily injury to an employee arising out of and in the course of his employment is excluded (see *City of Albany v Standard Acc. Ins. Co.,* 7 NY2d 422, 432).

The village's only exposure to liability in the third-party action brought by Bisnet necessarily flows from the underlying bodily injury to Smith, an employee of the insured whose damages were sustained in the course of his employment. To hold the insurance company liable here would be in effect to rewrite the contract of the parties and expose the Home Indemnity Company to a risk not contemplated by the parties and for which defendant has not received a premium. *(State Farm Mut. Auto. Ins. Co. v Westlake,* 35 NY2d 587, 592.) Summary judgment was thus properly awarded the defendant.

The order should be affirmed, with costs.

SWEENEY, MAIN, LARKIN and REYNOLDS, JJ., concur.

Order affirmed, with costs.