(May 12, 1977)

■    AETNA CASUALTY & SURETY COMPANY, Appellant, v PENNSYLVANIA MANUFACTURERS ASSOCIATION INSURANCE COMPANY et al., Respondents.— Appeal from an order of the Supreme Court at Special Term, entered December 9, 1975 in Broome County, which granted defendants' motion for summary judgment dismissing plaintiff's complaint. The plaintiff is an insurance corporation which had issued a policy of liability insurance to Universal Concrete Products Company, a Pennsylvania manufacturer of split limestone. The defendant, Pennsylvania Manufacturers Association Insurance Company had issued a policy of liability insurance to Lee Heffner, Inc., a Pennsylvania truck dealer, which had loaned a vehicle to Universal Concrete Products Company in October, 1969. This policy issued by the defendant names, as additional insureds, any person borrowing a vehicle from the named insured while using such vehicle with the insured's permission. On October 30, 1969, at approximately 8:50 A.M., the defendant Mary Yurchen was involved in an accident and sustained serious personal injuries while operating her automobile eastbound on New York State Route 17 in the Town of Windsor, Broome County, when it struck a "cement brick", located on the roadway. The place of the accident was a short distance to the east of the intersection of Route 79 and Route 17. In May, 1971, Mrs. Yurchen commenced an action against Universal Concrete Products Company, alleging that it had negligently loaded concrete building blocks upon a truck that it owned or controlled, with the result that one or more of these blocks fell on to the pavement of Route 17 and caused the automobile accident. Universal Concrete turned the summons and complaint over to its insurer, the plaintiff, on or about May 21, 1971. This was the first notice to either Universal Concrete or the plaintiff of the Yurchen accident. Plaintiff retained counsel to defend its insured and started to investigate the facts surrounding the claim. The plaintiff's initial investigation revealed that the insured's truck, while heading eastbound on Route 17, broke down a short distance to the east of Binghamton on Route 17 near the Sandman Motel on October 25, 1969. The truck was carrying split limestone, for delivery at Sanford, New York, 25 miles east of Binghamton. The breakdown actually occurred some considerable distance to the west of the site of the Yurchen accident—approximately three to four miles. Subsequent to the breakdown, the insured's president, Mr. Faust, made arrangements for the truck to be towed to John's Body Shop in Binghamton, New York, on October 27, 1969. The plaintiff's insured then borrowed a truck from the defendant's insured on October 27, 1969. (Initially, Mr. Faust advised plaintiff that the truck was rented and the plaintiff alleges it did not learn that it was borrowed until October, 1972.) A second load of split limestone was then dispatched on

the Heffner truck. On the evening of October 27, 1969, the driver, Dennis Gable, drove the borrowed truck to Sanford, New York, where the blocks for that job were unloaded on Tuesday, October 28, 1969. From there he traveled west on New York State Route 17 to Binghamton. On October 29, 1969, the load of bricks on the broken down truck was transferred at John's Body Shop to the borrowed truck. Gable then proceeded east along Route 17 with the borrowed truck loaded with limestone. He passed the Sandman Motel where the first truck had broken down and some miles further down the road, he passed the intersection of Route 79, the place where the Yurchen accident allegedly occurred. A statement given to plaintiff by Faust on September 28, 1971 indicated that this trip would have been made either in the afternoon of October 29, 1969 or on the morning of October 30, 1969, the day of the accident. The Faust statement reveals that this would have been the first time Gable passed the accident scene with a loaded truck on the eastbound side of Route 17. Despite uncertainty as to when the borrowed truck went east to Sanford, the plaintiff's claim representative assumed that the borrowed truck had not passed the scene of the accident until after it had occurred. Subsequently, on October 13, 1972, plaintiff's claim representative took an unsigned statement from the proprietor of John's Body Shop, allegedly revealing for the first time that the timing of the departure of the second truck with the load from the first truck was such that it could have passed the scene of the accident before its occurrence. On October 25, 1972, the plaintiff wrote the defendant asking that it take over defense of the Yurchen action. The letter forwarded to the defendant the summons, complaint and answer in the Yurchen action. This constituted the first notice to defendant or its insured of the Yurchen accident and pending lawsuit. The defendant responded to the plaintiff's letter on October 27, 1972 requesting information concerning the matter and pointing out that it would make no determination and reserved all rights until it had additional information. The plaintiff failed to respond to defendant's letter and on December 28, 1972 there was a phone conversation between the insurance companies. On December 29, 1972, the defendant's New York counsel wrote to the plaintiff pointing out the late notice problems and again requesting information about the accident. Thereafter, following an exchange of letters and information, the defendant sent notice on January 31, 1973 to all concerned that it was unequivocally disclaiming coverage with respect to the Yurchen claim. (On January 19, 1973, defendant's attorneys had advised plaintiff in writing that there would be a disclaimer.) The plaintiff commenced this action for a declaratory judgment asking that the defendant's policy be declared primary with respect to the Yurchen action, which has been settled without defendant's participation. The defendant's motion for summary judgment against the plaintiff dismissing the complaint on the merits, was granted. Defendant's motion for summary judgment was premised upon plaintiff's alleged failure to comply with those provisions of the policy requiring notice as soon as practicable as a precondition to coverage. Plaintiff contends that it is not held to the same standard of giving notice because it did not initially know that Universal was an insured under the policy issued by defendant to Heffner, that any delay in giving notice was excusable because plaintiff had diligently investigated, and that, in any event, defendant's alleged delay of three months in finally disclaiming should estop defendant from asserting the defense of lack of notice. Special Term, in our view, properly rejected these contentions on the law. An insurance policy requirement that notice be given "as soon as practicable" requires that notice be given within a reasonable time under

all the circumstances, and a failure to give such notice, it is well settled, "vitiates the contract as to both the insured and the [party] recovering a judgment against him" *(Deso v London & Lancashire Ind. Co. of Amer.,* 3 NY2d 127; *Gizzi v State Farm Mut. Ins. Co.,* 56 AD2d 973). There is no merit to plaintiff's contention that it was not bound by the notice provisions. The only respect in which the test of compliance differs is that notice is required to have been given within a reasonable time after the existence of coverage was known or should have been known (see *Greaves v Public Serv. Mut. Ins. Co.,* 4 AD2d 609, affd 5 NY2d 120). Thus, mere ignorance of coverage does not by itself excuse late notice. Special Term held, correctly, in our view, that "The lack of knowledge on the part of the insured must be reasonable under all the circumstances." In the present case, plaintiff's alleged lack of knowledge prior to October, 1972, was neither reasonable nor excusable. Beginning with the premise that plaintiff had reason to inquire as to the existence of coverage by defendant as soon as it knew that a truck owned by defendant's insured was possibly involved, we reject plaintiff's claim that its delay is excusable because it at first believed that the Heffner truck had not passed the scene of the accident prior to its occurrence and did not have actual knowledge to the contrary until October, 1972. Plaintiff did know, as of September 28, 1971, that Universal's own truck had not come within three miles of the scene, had broken down five days before the accident, had been towed back to Binghamton three days before the accident and remained there immobilized, and that the Heffner truck had in fact actually passed the scene only a short time before or after the accident. While plaintiff is not chargeable with the knowledge of the driver of the truck, since he could not be found, plaintiff should have known as early as September 28, 1971 and cannot be excused for failing to know in these circumstances, that if any truck under the control of Universal was involved in the accident, it had to be the truck borrowed from Heffner. Its failure to notify Heffner and defendant of their potential liability so they could conduct their own investigation until almost 13 months later, constitutes a violation of the conditions of the policy as a matter of law. We further agree that defendant did not waive the defense of lack of notice by not disclaiming immediately. Assuming without deciding that New York law is applicable to a policy of insurance which appears to have been issued and delivered in Pennsylvania, so as to make subdivision 8 of section 167 of the Insurance Law, requiring prompt disclaimers, applicable we note that there is no set formula for determining a time period that is reasonable in a given case *(Interboro Mut. Ind. Ins. Co. v Miles,* 48 AD2d 751). On the facts of this case, we agree with Special Term that defendant did act promptly. It was plaintiff which contributed primarily to the delay by failing to respond to defendant's October 27, 1972 request for information, and defendant did in fact disclaim quite promptly after finally receiving from plaintiff, on January 12, 1973, the information it had first requested more than two months earlier. We, therefore, conclude that as a matter of law plaintiff's notice was unreasonably delayed, and defendant's disclaimer was not. Order affirmed, with costs. Koreman, P. J., Greenblott, Sweeney, Mahoney and Herlihy, JJ., concur.