COUNTY OF ST. LAWRENCE, Respondent, v TRAVELERS INSURANCE COMPANIES, Appellant, et al., Defendants.

Third Department, April 8, 1982

APPEARANCES OF COUNSEL

*Kirsch & Sbrega, P. C.* (*Vincent F. Kirsch* of counsel), for appellant.

*Leonard, Mellon & Gebo* (*A. Michael Gebo* of counsel), for respondent.

### OPINION OF THE COURT

YESAWICH, JR., J.

The facts are not disputed. George Donnelly, a St. Lawrence County employee, was injured in the course of his employment while he was working at Mater Dei College and using a Rockwell International Power Tools Corp. table saw. He sued Mater Dei and Rockwell to recover for his personal injuries. They, in turn, brought third-party actions against the county asserting that the latter was

actively negligent and seeking indemnity and/or contribution for such damages as Donnelly might recover against them. The county, a self-insurer of its workers' compensation cases, endeavored to compel its comprehensive general liability carrier, defendant Travelers Insurance Companies, to defend the third-party actions and to indemnify the county for any liability adjudged against it in those actions. Travelers declined, relying upon a clause contained in the policy which excludes its application "to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured or to any obligation of the insured to indemnify another because of damages arising out of such injury". This proceeding for a declaratory judgment was thereafter instituted by the county and Special Term, deeming the exclusion clause inapplicable because contribution and not indemnification was at issue, concluded that Travelers was obliged to defend and to compensate the county for any recovery had by way of contribution or equitable apportionment to the limits of the policy.

Precisely identical exclusionary language was considered in *Green Bus Lines v Consolidated Mut. Ins. Co.* (74 AD2d 136, mot for lv to app den 52 NY2d 701), where a garage premises liability insurer was relieved of the obligation to defend against a similar claim. It was reasoned there that since the parties agreed to exclude from coverage the obligation to indemnify fully, the insured could have no legitimate expectation that the policy exacted partial indemnification. The court stated (p 153) that "[t]he greater obligation having been excluded, a fortiori the lesser was also excluded."

Whether styled "equitable apportionment" or "partial indemnification", these concepts allowing recovery over for tort damages have their genesis in an implied obligation to indemnify (*Dole v Dow Chem. Co.,* 30 NY2d 143). "Indemnify", accorded its usual meaning, manifestly includes partial indemnification (*supra,* at p 147). While indemnification, strictly defined, is legally different from contribution (*McDermott v City of New York,* 50 NY2d 211, 216), here, to the extent that the third-party plaintiffs Mater Dei and Rockwell seek to make the county "contribute" that

portion of the damages it may have inflicted on Donnelly, what is actually being sought is indemnity in the plainest sense of the word (Siegel, New York Practice, § 169, p 209). In light of the policy's exclusionary language, to hold Travelers liable would be in effect to rewrite this contract and expose Travelers to a risk not contemplated by the parties and for which the insurer has not received a premium (see *Village of Potsdam v Home Ind. Co.,* 52 AD2d 278, 280).

While plaintiff would have us distinguish *Green Bus* on the ground that the insurance policy there was issued before the *Dole* decision, a factor given some weight by the court, the overriding consideration was that "[a] *Dole* recovery \* \* \* is merely a form of indemnification which [the exclusion clause] should be construed to include within its ambit" (*Green Bus Lines v Consolidated Mut. Ins. Co., supra,* p 153).

The order should be reversed, on the law, without costs, and judgment directed to be entered declaring that defendant Travelers Insurance Companies is neither required to defend nor indemnify plaintiff in the third-party actions brought against it.

MAHONEY, P. J., CASEY, MIKOLL and LEVINE, JJ., concur.

Order reversed, on the law, without costs, and judgment directed to be entered declaring that defendant Travelers Insurance Companies is neither required to defend nor indemnify plaintiff in the third-party actions brought against it.