█ ADELL N. SABRE, as Administratrix of the Estate of THOMAS C. SABRE, Deceased, Plaintiff, v RUTLAND PLYWOOD CORPORATION et al., Defendants, and CLARK EQUIPMENT COMPANY, Defendant and Third-Party Plaintiff. TUPPER LAKE VENEER CORP., Third-Party Defendant and Fourth-Party Plaintiff-Respondent. UNITED STATES FIDELITY AND GUARANTY COMPANY, Fourth-Party Defendant-Appellant. — Appeal from that part of an order of the Supreme Court at Special Term (Conway, J.), entered January 29, 1982 in Albany

County, which denied fourth-party defendant's motion for summary judgment and granted summary judgment to fourth-party plaintiff. The prime action herein was commenced on or about July 3, 1979 against an alleged parent company of plaintiff's decedent's employer and the manufacturer and seller of a fork lift which allegedly caused decedent's wrongful death and conscious pain and suffering. On June 3, 1980, the manufacturer commenced a third-party action for indemnity and/or contribution against decedent's employer, Tupper Lake Veneer Corp. (Tupper Lake). Tupper Lake obtained a voluntary appearance and defense of its interest in this action from the State Insurance Fund, its workers' compensation carrier, which in turn requested that United States Fidelity and Guaranty Company (USF&G), Tupper Lake's general liability carrier, co-operate with it in the defense of Tupper Lake and bear a share of the liability and expenses, if any, as a coinsurer. When so requested, USF&G disclaimed liability, relying on the exclusions contained in subdivisions (i) and (j) of coverage C of the policy which provide "This insurance does not apply * * * (i) to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law; (j) to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured or to any obligation of the insured to indemnify another because of damages arising out of such injury; but this exclusion does not apply to liability assumed by the insured under an incidental contract;". USF&G also relied upon an alleged lack of adequate and timely notice of the accident. Upon being informed of the disclaimer, the State Insurance Fund, in the name of Tupper Lake, commenced a fourth-party action against USF&G for indemnification and/or contribution and expenses that might be incurred as a result of the third-party action. USF&G moved for summary judgment dismissing the fourth-party complaint for lack of merit. Tupper Lake sought summary judgment in its favor pursuant to CPLR 3212 (subd [b]). Special Term denied the motion of USF&G and granted summary judgment to Tupper Lake to the extent of ordering USF&G to provide coverage and to defend under its policy. Special Term further ordered that all other demands for relief in the fourth-party complaint be dismissed and that the fourth-party action be severed from the main action, and judgment was entered in favor of Tupper Lake. As such, a fourth-party action is inappropriate to compel an insurer to defend under the terms of its policy. However, by severing the fourth-party action (*Kelly v Yannotti,* 4 NY2d 603) and converting the severed action into an action for a declaratory judgment under CPLR 103 (subd [c]), a determination of the right-to-a-defense issue can properly be made. At the oral argument of this appeal, USF&G conceded that its reliance on the exclusions contained in subdivisions (i) and (j) of coverage C of the policy was erroneous in view of the recent decisions by the Court of Appeals in *Insurance Co. of North Amer. v Dayton Tool & Die Works* (57 NY2d 489) and *County of St. Lawrence v Travelers Ins. Cos.* (57 NY2d 489). As to the claim of lack of timely notice of the accident, we hold the notice of the accident given by Tupper Lake to its liability carrier on or about June 11, 1980 to be timely. The third-party action for indemnification and/or contribution was not commenced against Tupper Lake until June 3, 1980, almost three years after the accident which happened on August 3, 1977. Although Tupper Lake knew about the event at the time of its happening, it was not unreasonable for it to assume that a third-party suit could not be begun against it when an employee was involved whose injury was covered by its workers' compensation policy, pursuant to which prompt notice had been given to its compensation carrier. The liability policy required notice to be given "as soon as practicable". Those words have been interpreted to mean that

notice be given within a reasonable time under the facts and circumstances of each case (*Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12), and an insured may explain or excuse his delay by demonstrating a good-faith belief in nonliability as long as his belief is reasonable under the circumstances (*Merchants Mut. Ins. Co. v Hoffman,* 86 AD2d 779, affd 56 NY2d 799). We hold that absent special circumstances as herein, Tupper Lake, as the employer of decedent, was entitled to rely on the exclusivity of the workers' compensation remedy provided to its employee and on the coverage of its workers' compensation policy, and was not required to anticipate that a third-party suit under the doctrine of *Dole v Dow Chem Co.* (30 NY2d 143) would be brought against it. When such suit was actually commenced on June 3, 1980, USF&G was notified on June 11, 1980. Furthermore, since the Court of Appeals had not yet decided the *Insurance Co. of North Amer. v Dayton Tool & Die Works* case (57 NY2d 489, *supra*), it was reasonable for Tupper Lake to rely on the exclusions contained in its liability policy and give no notice to USF&G on the good-faith belief that no coverage was required to be provided for contribution as well as indemnity to an employer covered by workers' compensation (see *County of St. Lawrence v Travelers Ins. Cos.,* 86 AD2d 93, revd 57 NY2d 489). For these reasons, and in these circumstances, the notice given by Tupper Lake was timely and adequate under the policy. Accordingly, Special Term was correct in granting summary judgment to the fourth-party plaintiff, Tupper Lake, and denying the motion of USF&G for the same relief, and its order should be affirmed. Order affirmed, with costs. Sweeney, J. P., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.