OPINION OF THE COURT
John S. Lockman, J.
Motion by plaintiff for a court order compelling disclosure by defendant State Insurance Fund is denied as moot.
The motion by plaintiff and cross motion by defendant State Insurance Fund for summary judgment are disposed of as set forth below.
Peter Manco was injured on October 13,1978 when a tire he was fitting to a rim burst. He sued defendant Firestone who manufactured the tire and related equipment, and B.G. Tire Corporation who allegedly sold it to his employer, Gene’s Bus Service. Firestone Tire and Rubber Company commenced a third-party action against Gene’s Bus Service. The State Insurance Fund which was the workers’ compensation carrier for Gene’s Bus Service, sent plaintiff Pennsylvania Millers Mutual Insurance Company a letter dated June 24, 1982 in which it demanded that plaintiff undertake defense of the third-party action and share in any potential recovery against Gene’s Bus Ser *366 vice. Plaintiff responded by letter dated July 8, 1982 in which it disclaimed coverage citing two policy exclusions and the lateness of notice. Paragraph (b) (1) of the exclusions relates to “bodily injury * * * arising out of the ownership, maintenance, operation, use, loading or unloading of * * * any automobile”; while paragraph (j) excludes “bodily injury to any employee of the insured arising out of and in the course of his employment * * * or to any obligation of the insured to indemnify another because of damages arising out of such injury”. Thereafter plaintiff commenced this action for a declaration of its responsibilities under the insurance policy.
In the wake of Dole v Dow Chem. Co. (30 NY2d 143) came litigation to determine the responsibilities of general liability insurers with respect to third-party claims against previously immunized employers. In Graphic Arts Mut. Ins. Co. v Bakers Mut. Ins. Co. (45 NY2d 551, 557) the Court of Appeals determined that exclusions such as paragraph (j) in the policy here under consideration did not relieve general liability carriers such as plaintiff from defending or paying third-party claims such as that interposed by Firestone Tire & Rubber Co. Contribution secured under Dole v Dow (supra) was held not excluded by the language with respect to claims for indemnification. This determination was reaffirmed recently in Insurance Co. of North Amer. v Dayton Tool & Die Works (57 NY2d 489).
The exclusion in paragraph (b) (1) with respect to injuries arising out of the use and operation of automobiles is also inapplicable. The Court of Appeals in Graphic Arts Mut. Ins. Co. v Bakers Mut. Ins. Co. (supra, p 558) stated: “Applying a functional analysis to separate lines of insurance * * * an insurance policy should be read in light of the role it is to play”. The use and operation of a motor vehicle as well as its loading and unloading, fall within the purview of an automobile liability policy. (See 11 NYCRR 65.1 [i] [6]). However, the repair of a motor vehicle is excluded if it occurs on business premises as part of regular maintenance and repair work as opposed to an emergency repair made on a roadway. (See Sando v Firemen’s Ins. Co., 79 AD2d 774.) Thus, just as in Graphic Arts Mut. Ins. Co. v Bakers Mut. Ins. Co. (supra, p 588), it made sense “that the *367 automobile liability carrier not exclude from coverage liability] sustained by the insured owner in connection with operation of the automobile” in the instant case it makes sense that the general liability carrier not exclude liability from activities carried out on the business premises for business purposes.
Finally, plaintiff’s claim of defective notice is meritless. The notice furnished plaintiff was “timely and adequate” under the circumstances. (Sabre v Rutland Plywood Corp 93 AD2d 903.)
There being no triable issues of fact defendant State Insurance Fund is entitled to summary judgment determining that plaintiff is obligated to share in the defense and to pay any adverse judgment for contribution within the scope of the coverage afforded.