■ RICHARD KORETNICKI, Appellant, v FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, Respondent, et al., Defendant. — Per Curiam. Appeal from an order and judgment of the Supreme Court at Special Term (Kahn, J.), entered May 4, 1984 in Schenectady County, which granted the motion of defendant Firemen's Insurance Company of Newark, Jew Jersey, for summary judgment dismissing the complaint and all cross claims against it.

On February 15, 1978, plaintiff, an employee of the City of Schenectady, was injured when he fell from a truck while he was engaged in snow removal operations. Firemen's Insurance Company of Newark, New Jersey, was the insurer for the city at the time of the incident. Plaintiff received workers' compensation benefits following his injury; he did not, however, make a claim for "no fault" insurance benefits pursuant to the provisions of Insurance Law article 18 until over three years after the accident. When plaintiff presented his claim for "no fault" benefits in 1981, Firemen's denied it as untimely. Plaintiff commenced this action against Firemen's and the city seeking, *inter alia,* a

declaration that he was entitled to receive "no fault" benefits. Firemen's made a motion for summary judgment, which Special Term granted. This appeal by plaintiff ensued.

In granting Firemen's motion, Special Term found that plaintiff had failed to give Firemen's timely notice of his claim as required by the terms of the insurance contract (Insurance Law § 167 [1] [d]) and, *inter alia,* dismissed plaintiff's cause of action for declaratory relief. We agree.

It is unquestioned that an injured third party such as plaintiff may directly give notice to an insurer of a claim for "no fault" benefits where an insured has failed to do so (*Jenkins v Burgos,* 99 AD2d 217, 221). While in such a case the timely notice requirement will not be applied as strictly against the injured party as it would.be against the insured (*Hartford Acc. & Indem. Co. v CNA Ins. Cos.,* 99 AD2d 310), diligence in giving notice to the insurer is still required (*Jenkins v Burgos, supra,* pp 221-222).

Here, plaintiff has offered no excuse for his three-year delay in notifying Firemen's of his claim for "no fault" benefits, other than his unawareness of his possible eligibility for such benefits. Special Term correctly noted that "[s]uch an excuse is in actuality, no excuse at all, and if accepted could be utilized to justify any manner or length of delay in any conceivable case". Special Term therefore was presented with a question of law and summary judgment for Firemen's was properly granted (*Aetna Cas. & Sur. Co. v Pennsylvania Mfrs. Assn. Ins. Co.,* 57 AD2d 982, 984; *Subia v Cosmopolitan Mut. Ins. Co.,* 80 Misc 2d 1090, 1093).

Order and judgment affirmed, without costs. Kane, J. P., Weiss, Mikoll and Yesawich, Jr., JJ., concur.