OPINION OF THE COURT
Herbert Kramer, J.
An action was brought for declaratory judgment by plaintiff insured against the defendant insurer who issued both workers’ compensation and general liability policies.
On June 1,1980, and during the terms of both policies, one of the partners of the insured partnership was injured in an accident. A products liability action was brought on May 14, 1982 against the seller and the manufacturer of the machine in question. In September of 1982 the two defendants instituted third-party actions against the partnership plaintiff herein. The plaintiff notified the insurer of the accident after receipt of the third-party summonses. The defendant insurance company disclaimed coverage on two separate grounds:
1. The lack of coverage for a direct suit by one of the partners; and
2. Late notice of the accident beyond the policy requirement of "as soon as practicable”.
The initial ground of declination of coverage is based on one policy exclusion which exempts from coverage injury to any employee of the insured. Additionally, a policy which provides policy coverage for judgments cannot include coverage for a suit *870 by one partner against the partnership, as no such cause of action exists.
Although no coverage exists under the general liability policy for a direct suit by an employee, the employer is covered for a third-party claim (Insurance Co. of N. Am. v Dayton Tool & Die Works, 57 NY2d 489, and cases cited therein).
This court holds that coverage and the right to a defense exist in this situation. In a case of first impression, this court would extend coverage to a third-party claim against a partnership where the plaintiff is a partner. There is neither valid nor logical distinction between a partner and an employee under these circumstances. Neither is allowed direct right to sue; one by exclusion under the policy and the other by policy limitation to indemnification for judgments.
Late notice is similarly invalid grounds for disclaimer. An insured, while owing a strict duty of compliance, is not expected to anticipate as a lay person the complexities and intricacies of tort liability and procedure, especially where the issue has never been resolved by a New York court. In a case strikingly similar to the case at bar, the Third Department found that notice to the insurer after service of the third-party complaint three years after the accident was not unreasonable and was in compliance with the “as soon as practicable” notice requirement of the policy (Sabre v Rutland Plywood Corp., 93 AD2d 903). The notice requirement is identical to the one in the case at bar. The factual pattern is similar but for the initial suit being by an employee instead of a partner. Thus, this court declares the policy in full force and effect as to the accident to the plaintiff on June 1, 1980.
Defendant’s motion to dismiss complaint and plaintiff’s motion for summary judgment are denied.