■ MICHAEL MARCINOWSKI, Appellant, v HANOVER INSURANCE COMPANY, Respondent.—Harvey, J. Appeal from an order of the Supreme Court at Special Term (Mercure, J.), entered January 24, 1985 in Schenectady County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff was in a three-car accident on April 17, 1980. At the time of the accident, plaintiff's automobile was insured by defendant. It was not until October 1983 that plaintiff first submitted, through his attorney, a request under the no-fault provisions of the policy for defendant to pay medical bills which were allegedly incurred as a result of injuries he sustained in the 1980 accident. Defendant denied plaintiff's claim, asserting that a provision in the policy required that the company receive written notice setting forth details of an accident involving any eligible injured person no later than 90 days after the date of the accident. Plaintiff commenced the instant action seeking damages for breach of contract and payment of no-fault benefits. In its answer, defendant asserted plaintiff's noncompliance with the notice provisions contained in the personal injury protection aspects of the policy. Defendant moved for summary judgment, which was granted by Special Term, and plaintiff's complaint was dismissed. This appeal ensued.

The "personal injury protection" section of the policy provides: "In the event of an accident, written notice setting forth details sufficient to identify the eligible injured person, along with reasonably obtainable information regarding the time, place and circumstances of the accident, shall be given by, or on behalf of, each eligible injured person, to the Company, or any of the Company's authorized agents, as soon as reasonably practicable, but in no event more than 90 days after the date of the accident". The record reflects that the accident occurred on April 17, 1980 and, although plaintiff reported the incident to his agent on April 24, 1980, he did not indicate that he sustained an injury. There is no indication in the police report that plaintiff claimed any injury at the time of the accident. Defendant was not notified by anyone until October 1983 that plaintiff had sustained any injury or medical expense result-

ing from the accident. The only excuse for failure to provide notice was plaintiff's asserted unawareness of possible eligibility for such benefits, which this court has determined to be no excuse at all *(Koretnicki v Firemen's Ins. Co.,* 109 AD2d 993, 994). The notice provision of a policy is a condition precedent to coverage, and where there has been insufficient compliance, the insurer is relieved of liability *(Jenkins v Burgos,* 99 AD2d 217, 220). Special Term therefore properly granted summary judgment to defendant.

Order affirmed, with costs. Kane, J. P., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.