■ SARAH TODD, Appellant, v BANKERS LIFE & CASUALTY COMPANY, Respondent.—Harvey, J. Appeal from an order of the Supreme Court (Bryant, J.), entered May 28, 1987 in Tompkins County, which granted defendant's motion for summary judgment dismissing the complaint.

In March 1979, plaintiff injured her leg during the course of her employment with Cornell University. Following surgery, she learned sometime in 1980 that the condition would leave her totally and permanently disabled and reported her condition to Bonnie Clark, a Cornell employee whose job duties included processing claims for benefits. Clark allegedly misadvised plaintiff that she must first submit her claim under the Prudential Insurance Company policy carried by Cornell and

that if Prudential did not pay the claim, neither would defendant. At an unspecified time in 1980, Prudential rejected plaintiff's claim. No claim was submitted to defendant at that time, despite the fact that defendant's policy of supplemental group insurance purportedly covered plaintiff.

In the summer of 1986, plaintiff again spoke with Clark regarding this matter. On September 3, 1986 a notice of claim was received by defendant, who rejected it as untimely. On November 20, 1986, plaintiff commenced this action seeking to recover under the insurance policy issued by defendant. Defendant asserted as defenses the time periods for written notice contained in the contract and the relevant Statutes of Limitation. Defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion and this appeal followed.

Compliance with the notice requirements of an insurance contract is a condition precedent to an insurer's obligation to cover its insured's loss *(Security Mut. Ins. Co. v Acker-Fitzsimons Corp.,* 31 NY2d 436, 440; *Marcinowski v Hanover Ins. Co.,* 115 AD2d 827, 828). Statutorily prescribed policy provisions which require, as an alternative to a defined time period, that notice be given "as soon as reasonably possible" *(see, e.g.,* Insurance Law § 3216 [d] [1] [E], [G]) ordinarily create issues of fact as to whether a particular delay in notification was reasonable *(Jenkins v Burgos,* 99 AD2d 217, 219-220). However, in the absence of a reasonable excuse or mitigating factors, even relatively short periods of delay have been found to be unreasonable as a matter of law *(supra,* at 220). Alleged lack of awareness of possible eligibility for insurance benefits is generally not accepted as a reasonable excuse *(Marcinowski v Hanover Ins. Co., supra,* at 828; *Koretnicki v Fireman's Ins. Co.,* 109 AD2d 993, 994). Here, defendant's insurance policy required that written notice of claim be provided to defendant or its authorized agent within 20 days of the occurrence or as soon thereafter as reasonably possible. The relevant dates, as noted above, are as follows: March 27, 1979, plaintiff was injured; unspecified times in 1980, plaintiff learned she was completely disabled and so informed Clark; and September 3, 1986, defendant received plaintiff's written notice of claim.

Plaintiff's contention that Clark was defendant's authorized agent is meritless. Since there is no indication that Clark had actual authority, plaintiff ostensibly seeks to find a factual issue as to whether Clark had apparent authority. Apparent authority requires "words or conduct of the principal, communicated to a third party, that give rise to the appearance and

belief that the agent possesses authority to enter into a transaction" *(Hallock v State of New York,* 64 NY2d 224, 231). No such showing is present here. There is no indication that defendant engaged in any conduct which could have been reasonably construed by plaintiff as authorizing Clark to act on behalf of defendant for the purpose of receiving written notice of claim.* The record clearly shows that Clark was an employee of Cornell, that she acted on behalf of Cornell in administering employee benefits and that she was subject to Cornell's control.

We further find no triable issue with regard to the reasonableness of plaintiff's delay. A delay in excess of six years can hardly be deemed reasonable *(see, Allstate Ins. Co. v Furman,* 84 AD2d 29, 31, *affd* 58 NY2d 613), particularly since the purported excuse was due to alleged failures of plaintiff's employer and not due to any conduct by defendant *(see, McGinnis v Bankers Life Co.,* 39 AD2d 393; *see also, Rey v St. Francis Hosp.,* 86 AD2d 656). Plaintiff's lack of knowledge regarding the extent of defendant's coverage was not sufficient to create a factual issue as to whether such a lengthy delay was reasonable *(see, Marcinowski v Hanover Ins. Co., supra).* Nor has an adequate explanation been provided as to why plaintiff waited over six years before she sought further information regarding the scope of defendant's coverage.

Plaintiff's remaining contentions have been considered and found to be either academic or meritless.

Order affirmed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

---

* We note that even assuming, arguendo, that Clark was defendant's agent, plaintiff has failed to allege that she gave Clark the requisite written notice *(see, Allstate Ins. Co. v Furman,* 84 AD2d 29, 31, *affd* 58 NY2d 613 [oral notification insufficient when written notice required]).