■ WHITNEY M. YOUNG, JR. HEALTH CENTER, INC., Respondent, v NEW YORK STATE DEPARTMENT OF INSURANCE, LIQUIDATION BUREAU, et al., Defendants, and MEDICAL MALPRACTICE INSURANCE ASSOCIATION, Appellant.—Kane, J. P. Appeal from an order of the Supreme Court (Doran, J.), entered November 28, 1988 in Albany County, which denied defendant Medical Malpractice Insurance Association's motion for summary judgment dismissing the complaint and cross claims against it.

Plaintiff was sued for dental malpractice in July 1982. It notified its then-insurance carrier, Integrity Insurance Company (hereinafter Integrity), of the suit. Although Integrity initially undertook to represent plaintiff, by letter dated April 3, 1985 it informed plaintiff that it was reserving its rights to deny coverage since ·it was possible that the alleged malpractice occurred prior to Integrity's issuance of a policy to plaintiff. Upon receiving this notification, plaintiff determined that defendant Medical Malpractice Insurance Association (hereinafter defendant) had been one of its insurance carriers prior to Integrity and had issued several policies to plaintiff. By letters dated September 20, 1985 and October 1, 1985, an attorney for Integrity notified defendant of the suit against plaintiff and that defendant might be liable for coverage. Defendant did not respond to these letters, apparently because it never received them. The attorney sent a third letter with the same information on November 5, 1985. On November 21, 1985, defendant responded and stated that it was refusing coverage on the basis of late notification. As a result, plaintiff commenced this action seeking, *inter alia,* a declaration that defendant be

required to provide a defense and, if necessary, indemnification to plaintiff with respect to the malpractice action. Defendant answered and then moved for summary judgment dismissing the complaint and any cross claims against it on the ground of late notice. The motion was denied and this appeal by defendant followed.

Absent a valid excuse, a failure to satisfy insurance policy notice requirements invalidates an insurance contract *(Security Mut. Ins. Co. v Acker-Fitzsimons Corp.,* 31 NY2d 436, 440). The reasonableness of a delay in notification is usually a question of fact for the jury *(see, Deso v London & Lancashire Indem. Co.,* 3 NY2d 127, 129). However, an unexplained failure to exercise due diligence to ascertain coverage manifests failure to meet the notice requirements as a matter of law *(supra,* at 130).

In this case, the insurance policies issued to plaintiff by defendant required that written notice of a claim be provided "as soon as practicable". This phrase has been interpreted to mean that "notice be given within a reasonable time under the facts and circumstances of each case" *(Sabre v Rutland Plywood Corp.,* 93 AD2d 903, 905). Plaintiff argues that it reasonably relied on the presumed coverage of Integrity and that it was reasonable to have given defendant notice only after plaintiff learned that Integrity might not provide coverage. We disagree.

Even if we were to accept this argument, plaintiff has still not offered a valid reason for why there was a delay in contacting defendant for almost five months after plaintiff learned that Integrity might not provide coverage. In fact, plaintiff offered *no* excuse for this delay. This court has recently stated that "in the absence of a reasonable excuse or mitigating factors, even relatively short periods of delay have been found to be unreasonable as a matter of law" *(Todd v Bankers Life & Cas. Co.,* 135 AD2d 1066, 1067). Here, plaintiff stated that after it received Integrity's April 3, 1985 disclaimer it "searched its files and discovered that [defendant] had possibly provided coverage during the alleged malpractice period". However, no dates were given as to when this information was found and there is no indication that plaintiff had any difficulty in obtaining this information. Indeed, plaintiff admits that it was in its files *(cf., Greenwich Bank v Hartford Fire Ins. Co.,* 250 NY 116, 130). Nevertheless, as noted, no letter was sent to defendant until September 1985, some five months after Integrity's April 3, 1985 letter was received. In our view, this did *not* satisfy the requirement that notice be

given "as soon as practicable" *(cf., Van Buren v Employers Ins.,* 98 AD2d 774, 775 [after plaintiff notified of noncoverage by first insurance company, plaintiff "promptly notified" second insurance company of claim]).

The situation in this case is analogous to that found in *Deso v London & Lancashire Indem. Co.* (3 NY2d 127, *supra).* There, an accident occurred and it was not known until 3½ months later that the insured might be liable. However, it was approximately another 1½ months before the insured informed its insurance carrier of the occurrence and no excuse was offered for this delay. The Court of Appeals found that while the failure to give notice during the 3½-month period might have been excusable, the 1½-month delay after that with no proffered excuse constituted "a breach of condition as a matter of law" *(supra,* at 130). Similarly, in this case, even if plaintiff was under no obligation to contact defendant until after April 1985, when it was notified of possible noncoverage, that excuse still leaves unaccounted for the five-month delay thereafter in contacting defendant *(see also, Rushing v Commercial Cas. Ins. Co.,* 251 NY 302, 304 [22-day delay in notification with no excuse held excessive as matter of law]). In our view, this unexplained failure forecloses, as a matter of law, a finding that notice was given "as soon as practicable". Defendant was therefore entitled to judgment in its favor. Having reached this conclusion, it is unnecessary to address defendant's remaining contentions.

Order reversed, on the law, without costs, motion granted and complaint dismissed against defendant Medical Malpractice Insurance Association. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.