■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v STANLEY HELINSKI, Defendant and Third-Party Plaintiff-Re-

spondent, et al., Defendants and Third-Party Plaintiffs. STATE FARM FIRE CASUALTY COMPANY et al., Third-Party Defendants, and CAPITAL MUTUAL INSURANCE COMPANY, Third-Party Defendant-Appellant. [610 NYS2d 378] —Mikoll, J. Appeal from an order of the Supreme Court (Dier, J.), entered May 12, 1993 in Washington County, which, *inter alia,* granted defendant Stanley Helinski's motion for summary judgment and declared that third-party defendant Capital Mutual Insurance Company must provide a defense for said defendant in the main action.

Defendant Stanley Helinski (hereinafter Helinski) is a beneficiary under an insurance policy issued to him by third-party defendant Capital Mutual Insurance Company. Plaintiff sued defendants seeking damages to State land as a result of defendants' building of earthen berms and excavation of craters and potholes on State land. Capital seeks to be relieved from defending Helinski or indemnifying him pursuant to the insurance contract issued by Capital to Helinski. Capital alleges that Helinski failed to give timely notice of the insurance claim against him and that the damage he seeks to be indemnified for was the result of intentional acts on his part and, as such, was excluded from coverage. Helinski moved for declaratory judgment ordering Capital to afford him a defense in the action brought by plaintiff. Helinski contended that the land in question is defendants', that they exercised control over the property for over 10 years prior to the commencement of the lawsuit brought by plaintiff under a claim of right, and that the berms and craters were created to enclose the land.

Capital was first notified of the suit against defendants on December 22, 1992, some 15 months after a summons and complaint were served on defendants. The delayed notice was the result of an error on defendants' part as to who their insurer was. Helinski contends that the land on which defendants built the berms and created the craters is defendants'. Capital argues that Helinski's error as to which company defendants were insured with does not excuse the delay in notifying Capital of the lawsuit.

Satisfaction of the notice provisions of an insurance policy is a condition to the insurer's liability and, unless excused, failure to comply with the notice provisions vitiates the policy *(see, Security Mut. Ins. Co. v Acker-Fitzsimons Corp.,* 31 NY2d 436, 440). The policy in question requires:

"What you Must Do in Case of Loss

"1. Notice

"a. In case of a loss or if an insured becomes aware of anything that indicates there might be a claim under this policy, the insured must:

"(1) Promptly give us or our agent notice (in writing if requested)".

Helinski's delay of 15 months is explained in terms of simple error. Such a hiatus constitutes a failure to act promptly and violates the promptness requirements of the insurance contract (see, Young Health Ctr. v New York State Dept. of Ins., Liquidation Bur., 152 AD2d 835). Because no valid excuse or mitigating circumstances were offered, the issue should be determined as a matter of law (see, Todd v Bankers Life & Cas. Co., 135 AD2d 1066, 1067; see also, Deso v London & Lancashire Indem. Co., 3 NY2d 127).

Cardona, P. J., Crew III and Weiss, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion denied, cross motion granted, summary judgment awarded to third-party defendant Capital Mutual Insurance Company and it is declared that Capital Mutual Insurance Company is not obligated to provide a defense for defendant Stanley Helinski in the main action.