■ CHERYL HIGH, Respondent-Appellant, v COUNTY OF WESTCHESTER et al., Appellants-Respondents. [644 NYS2d 523] —In an action to recover damages for personal injuries, (1) Raymond Murphy and W.E. Murphy appeal, and the County of Westchester and the City of White Plains cross-appeal, as limited by their briefs, from so much of an order of the Supreme Court, Westchester County (Fredman, J.), entered January 5, 1995, as denied their respective motions for summary judgment dismissing the complaint and cross claims insofar as asserted against each of them, (2) the County of Westchester appeals, and the City of White Plains cross-appeals, as limited by their briefs, from so much of a resettled order of the same court, dated February 3, 1995, as granted the branch of the plaintiff's cross motion which was for partial summary judgment on the issue of constructive notice, and (3) Raymond Murphy and W.E. Murphy appeal, and the City of White Plains and the County of Westchester cross-appeal, as limited by their briefs, from so much of an order of the same court, entered June 6, 1995, as, upon reargument and renewal, adhered to its prior determination denying their separate motions for summary judgment, and the plaintiff cross-appeals from so much of the same order as, upon reargument, vacated the provision of the resettled order granting the branch of its cross motion which was for partial summary judgment on the issue of constructive notice and adhering to its prior determination denying the remaining branches of the plaintiff's motion for partial summary judgment.

Ordered that the appeals from the order entered January 5, 1995, are dismissed, without costs or disbursements, as that order was superseded by the resettled order dated February 3, 1995; and it is further,

Ordered that the appeals from the resettled order dated February 3, 1995, are dismissed, without costs or disbursements, as that order was superseded by the order entered June 6, 1995, made upon reargument; and it is further,

Ordered that the order entered June 6, 1995, is modified by deleting the provision thereof which, upon reargument, adhered to the original determination denying the motion by the defendants Raymond Murphy and W.E. Murphy for summary judgment dismissing the complaint and all cross claims insofar as asserted against them and substituting therefor a provision granting that motion and severing the action as against the remaining defendants; as so modified, the order entered June 6, 1995 is affirmed insofar as appealed and cross-appealed from, without costs or disbursements; and it is further,

Ordered that the resettled order dated February 3, 1995, is modified accordingly.

The plaintiff commenced this action against the defendants County of Westchester, City of White Plains, and Raymond Murphy and W.E. Murphy, the owners of the premises known as 12 East Post Road in White Plains, alleging that she was injured when she tripped and fell on the defective sidewalk in front of the premises at that address. The Supreme Court, in denying the motions and cross motions by the County, the City, and the plaintiff, properly concluded that there were factual issues raised as to which of the defendants had ownership, control, and the legal duty to maintain the sidewalk in question. However, the Murphy defendants, as abutting landowners, were entitled to summary judgment dismissing the complaint and all cross claims insofar as asserted against them since no showing was made that under the circumstances, there was any basis for imposing tort liability on them (see, Stewart v Town of Waterford, 152 AD2d 836, 838; Kiernan v Thompson, 137 AD2d 957, 958; Lodato v Town of Oyster Bay, 68 AD2d 904).

As between the City and the County, neither has made a sufficient evidentiary showing to establish, as a matter of law, that it did not have ownership or control of the sidewalk. Further, based on the plaintiff's uncontradicted evidence that the defective condition of the sidewalk where she fell had existed for more than a decade, the court correctly determined that

whether there had been constructive notice presented an issue of fact precluding summary judgment (*see, Ferris v County of Suffolk,* 174 AD2d 70, 75).

The plaintiff's remaining contention is without merit. Balletta, J. P., Sullivan, Copertino and Krausman, JJ., concur.