■ CENTENNIEL INSURANCE COMPANY, Respondent, v FRANCIS J. HOFFMAN, Doing Business as HOFFMAN TRUCKING, Appellant. [695 NYS2d 774] —Mikoll, J. P. Appeal from an order of the Supreme Court (Graffeo, J.), entered March 30, 1998 in Albany County, upon a decision of the court in favor of plaintiff.

The question presented on this appeal is whether Supreme Court properly determined that plaintiff was entitled to disclaim coverage under an insurance policy issued to defendant, upon the following facts. Plaintiff issued a motor vehicle liability insurance policy to defendant for the period May 17, 1986 through May 16, 1987 identifying, by vehicle identification numbers, two tractors as the insured vehicles. As was later determined, these vehicles were not owned by defendant but by a friend, Ann Halpin, doing business as Halpin Trucking. It was also subsequently determined that although the policyholder was identified as "Francis J. Hoffman d/b/a Hoffman Trucking", defendant had in fact never operated a trucking company, nor had he made any arrangements for the issuance of the policy. Rather, he had agreed to permit Ann Halpin and her husband, Robert Halpin, to use his name for the purpose of securing insurance for their vehicles.

On February 4, 1987, Robert Halpin was involved in an accident involving one of the tractors and a vehicle operated by Frank Mucilli. Mucilli commenced an action against the Halpins seeking damages for personal injuries sustained in the accident. When the Halpins notified plaintiff of Mucilli's action and sought defense and indemnification under defendant's policy, plaintiff disclaimed coverage based on its investigation which concluded that the Halpins were not proper insureds thereunder.

Two years later, Mucilli commenced an action against defendant to recover damages for injuries sustained in the accident. Defendant acknowledged that he was served with a summons and complaint on June 27, 1989 but did not forward the summons and complaint to plaintiff until on or about October 24, 1989; in the meantime, Mucilli had taken a default judgment

against defendant. Plaintiff received the summary and complaint from defendant on or about November 3, 1989, and five days later informed him that coverage was denied because of his failure to timely forward the summons and complaint. Plaintiff subsequently reconsidered its position and on December 22, 1989, reiterated to defendant that it was denying coverage for the reason stated.

When defendant took issue with its disclaimer, plaintiff commenced this declaratory judgment action seeking a determination that it was entitled to disclaim coverage. Following a trial of the matter, Supreme Court determined that defendant failed to offer a reasonable excuse for failing to forward the summons and complaint in a timely manner as required by the policy and that plaintiff was entitled to the relief sought. Defendant appeals.

We affirm. It is not disputed that under the terms of his policy with plaintiff, defendant was required to give immediate notice of Mucilli's action against him. Nor is it disputed that defendant did not forward the summons and complaint to plaintiff until some 4½ months after he received them. It is well settled that "[a]bsent a valid excuse, failure to satisfy an insurance policy notice requirement vitiates coverage" (*Matter of Allcity Ins. Co. [Jimenez]*, 78 NY2d 1054, 1055-1056; *see, Young Health Ctr. v New York State Dept. of Ins.*, 152 AD2d 835, 836). Since a policy's notice provision operates as a condition precedent, an insurer need not demonstrate prejudice to successfully assert the defense of noncompliance (*see, Unigard Sec. Ins. Co. v North Riv. Ins. Co.*, 79 NY2d 576, 578; *Security Mut. Ins. Co. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 440). The burden of establishing a reasonable excuse or explanation for the delay falls upon the insured (*see, Bauer v Whispering Hills Assocs.*, 210 AD2d 569, 571-572, *lv denied* 86 NY2d 701).

Consequently, the sole question for Supreme Court was whether defendant met his burden of establishing a reasonable explanation for his conceded delay in complying with the policy's notice requirement. Although defendant testified that when he disregarded the summons and complaint he was experiencing various personal difficulties and a drinking problem, his principal excuse was that he reasonably believed that immediately forwarding the summons and complaint to plaintiff would have been a "useless act" given plaintiff's earlier denial of coverage to the Halpins as to the same accident. Supreme Court properly rejected this claim since plaintiff denied coverage to the Halpins based on its determination that they were not proper insureds under the policy. In so doing,

plaintiff gave no indication to defendant that it would not afford coverage to him on any claim arising out of the Mucilli accident. We therefore see no basis for defendant's avowed belief that plaintiff would not afford coverage to him so as to render timely forwarding the summons and complaint a "useless act". Nor are we persuaded by defendant's arguments on this appeal, which focus primarily on the propriety of plaintiff's disclaimer vis-à-vis the Halpins, a tangential issue having no bearing upon the issue presented to Supreme Court.

As to defendant's claim that plaintiff's disclaimer was untimely, it appears that this issue was previously determined in the context of an earlier summary judgment motion.* In any event, as plaintiff notified defendant of its decision to deny coverage within five days after its receipt of the summons and complaint, it cannot be said that its disclaimer was untimely.

We have considered defendant's remaining contentions and find them to be without merit.

Crew III, Yesawich Jr., Peters and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.

---

* Although the record on appeal contains no such order, Supreme Court refers to this prior determination in the order on appeal.