■ DEBRA A. FISHER, Respondent, v HANOVER INSURANCE COMPANY, Appellant. [733 NYS2d 761] —Rose, J. Appeal from an order of the Supreme Court (Kramer, J.), entered November 29, 2000 in Schenectady County, which denied defendant's motion for summary judgment dismissing the complaint.

In January 1999 plaintiff commenced an action against James Seidel, defendant's insured, and others for injuries she sustained in a motor vehicle accident in August 1995. When Seidel failed to answer, the trial court granted plaintiff's motion for a default judgment, resulting in entry of a judgment for $35,000 against Seidel. Plaintiff then commenced the present action against defendant pursuant to Insurance Law § 3420 (b) (1). When defendant's motion for summary judgment was denied by Supreme Court, this appeal ensued.

We reverse. Defendant's disclaimer of coverage based on the insured's failure to comply with the insurance policy's require-

ment that he immediately forward the pleadings in the underlying action was proper and precludes plaintiff's direct action because defendant did not receive the summons and complaint in the underlying action until discovery occurred in the present action. New York courts have long held that "'[a]bsent a valid excuse, failure to satisfy an insurance policy notice requirement vitiates coverage'" (*Centennial Ins. Co. v Hoffman*, 265 AD2d 629, 630, quoting *Matter of Allcity Ins. Co. [Jimenez]*, 78 NY2d 1054, 1055-1056). The requirement of an automobile liability policy that the insured give notice to the insurer of the commencement of an action is a condition precedent to the insurer's liability on a judgment recovered against an insured (*see, Centennial Ins. Co. v Hoffman, supra,* at 630; *Tennant v Farm Bur. Mut. Auto. Ins. Co.*, 286 App Div 117, 120).

As applied here, the effect of the undisputed failure of either Seidel or plaintiff to promptly forward the pleadings in the underlying action to defendant is that plaintiff now stands in the shoes of the insured and cannot recover because of the insured's breach of the terms of the policy (*see, Tennant v Farm Bur. Mut. Auto. Ins. Co., supra,* at 120-121). While the precommencement settlement discussions between defendant and plaintiff's counsel may establish that defendant had notice of the accident and plaintiff's claim under Insurance Law § 3420 (a) (3), neither those contacts nor plaintiff's letter to defendant alleging that service had been obtained is sufficient to cure Seidel's breach of the specific policy provision requiring the prompt forwarding of legal papers, and that breach justifies defendant's disclaimer (*see, Centennial Ins. Co. v Hoffman, supra,* at 630).

Although we also find merit in defendant's argument that the complaint should be dismissed because plaintiff failed to properly commence the present action pursuant to Insurance Law § 3420 (a) (2) (*see, Manshul Constr. Corp. v State Ins. Fund*, 118 AD2d 983, 984), we need not further address this issue in light of our finding that defendant established other grounds entitling it to dismissal.

Cardona, P. J., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted and complaint dismissed.