Peters, J.
Appeal from an order of the Supreme Court (Devine, J.), entered July 10, 2007 in Albany County, which, among other things, granted defendant’s motion for summary judgment dismissing the complaint.
On July 24, 2005, Christina Chera sustained injuries on property allegedly controlled and maintained by plaintiff. On October 19, 2005, plaintiff received a notice of claim for personal injuries and damages relating to the incident, but failed to forward it to defendant, its liability insurer, or otherwise notify defendant of the occurrence. One year later, plaintiff was served with a summons and complaint in the underlying personal injury action. Plaintiff thereafter forwarded the summons and complaint to its insurance broker, who promptly forwarded them to defendant. Defendant disclaimed coverage based upon plaintiffs failure to notify it of the occurrence “as soon as practicable” and to “[immediately” send it a copy of the notice of claim, as required by the insurance policy. Plaintiff then commenced this declaratory judgment action seeking to compel defendant to defend and indemnify it in the underlying action. After joinder of issue, both parties moved for summary judgment. Finding that plaintiff failed to give timely notice as a matter of law, Supreme Court granted summary judgment in favor of defendant. Plaintiff appeals and we affirm.
“ ‘Where a policy of liability insurance requires that notice of an occurrence be given “as soon as practicable,” such notice must be accorded the carrier within a reasonable period of time’ ” (Klersy Bldg. Corp. v Harleysville Worcester Ins. Co., 36 AD3d 1117, 1118 [2007], quoting Great Canal Realty Corp. v Seneca Ins. Co., Inc., 5 NY3d 742, 743 [2005]). Such a notice *930 provision is a condition precedent to coverage and, absent a valid excuse, the failure to satisfy the notice requirement vitiates the contract of insurance (see Great Canal Realty Corp. v Seneca Ins. Co., Inc., 5 NY3d at 743; Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp., 31 NY2d 436, 440 [1972]). Moreover, the insurer need not demonstrate actual prejudice from the delay in order to successfully disclaim coverage (see Great Canal Realty Corp. v Seneca Ins. Co., Inc., 5 NY3d at 743; Argo Corp. v Greater N.Y. Mut. Ins. Co., 4 NY3d 332, 339 [2005]).
Plaintiff concedes that there is no evidence that it furnished notice of the occurrence to defendant prior to October 2006, a full year after it received the notice of claim. Plaintiffs only excuse for the delay is that its then-general counsel “should have” forwarded the notice of claim to defendant when it was received and that it “assumed” that notice had been so provided. Although “[t]here may be circumstances, such as lack of knowledge that an accident has occurred or a reasonable belief in nonliability, that will excuse or explain delay in giving notice” (White v City of New York, 81 NY2d 955, 957 [1993]; see Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp., 31 NY2d at 441), mere neglect or inadvertence on the part of plaintiffs employee is not a valid excuse (see e.g. Todd v Bankers Life & Cas. Co., 135 AD2d 1066, 1068 [1987]; Tennant v Farm Bur. Mut. Auto. Ins. Co., 286 App Div 117, 120-121 [1955]). Thus, in the absence of a reasonable excuse, plaintiffs one-year delay in notifying defendant of the occurrence was unreasonable as a matter of law (see Argo Corp. v Greater N.Y. Mut. Ins. Co., 4 NY3d at 339-340; Centenniel Ins. Co. v Hoffman, 265 AD2d 629, 630 [1999]).*
Finally, even had plaintiff provided notice to its broker prior to October 2006, notice to an insurance broker does not constitute notice to the liability carrier (see Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp., 31 NY2d at 442 n 3; Kamyr, Inc. v St. Paul Surplus Lines Ins. Co., 152 AD2d 62, 65 [1989]) and, unlike the circumstances in Jeffrey v Allcity Ins. Co. (26 AD3d 355 [2006]), the notification provisions of the instant policy are not ambiguous as to who must be notified in the event of an occurrence.
*931 Mercure, J.E, Spain, Malone Jr. and Stein, JJ., concur. Ordered that the order is affirmed, with costs.

 We further note that, “even if a question of fact existed as to whether [plaintiff] complied with its obligation to give notice of a suit ‘as soon as practicable,’ the failure to comply with the obligation to ‘immediately send [defendant] copies of any legal papers received,’ for which no valid reason was given, independently absolved [defendant] of its coverage obligations” (Steadfast Ins. Co. v Sentinel Real Estate Corp., 283 AD2d 44, 54 [2001], quoting Viles Contr. Corp. v Hartford Fire Ins. Co., 271 AD2d 349, 349 [2000]).