■ 57TH STREET MANAGEMENT CORP., Respondent, v ZURICH INSURANCE COMPANY, Appellant. [617 NYS2d 852] —In an action, *inter alia,* for a judgment declaring that the defendant, Zurich Insurance Company, has a duty to defend and indemnify the plaintiff, 57th Street Management Corp., in an underlying negligence action pending in the Supreme Court, Queens County, entitled *Bade Cab Corp. v 57th St. Mgt. Corp.* (index No. 5295/87), the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Dunkin, J.), dated March 24, 1993, as denied its cross motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendant's cross motion is granted, and it is declared that the defendant is not obligated to defend or indemnify the plaintiff in the underlying negligence action.

On August 25, 1984, Isaac Wilner, an employee of the plaintiff, 57th Street Management Corp., was injured in a car accident during the course of his employment. At the time, Wilner was operating a cab owned by Bade Cab Corp., an apparent affiliate of the plaintiff. In February of 1985, Wilner applied for workers' compensation benefits pursuant to a policy of insurance that had been issued to the plaintiff by the defendant, Zurich Insurance Company. Although the claim was contested by the defendant, ultimately a workers' compensation award was rendered in Wilner's favor.

On December 24, 1986, Wilner commenced a personal injury action against the plaintiff and Bade Cab Corp. In December 1989, the Supreme Court dismissed the action against the

plaintiff on the ground that it was barred by the Workers' Compensation Law *(see,* Workers' Compensation Law § 11). Thereafter, on or about July 8, 1991, Bade Cab Corp. served a third-party summons and complaint on the plaintiff. The third-party summons and complaint was sent to the defendant, which received it on November 19, 1991.

The plaintiff subsequently commenced the present action for a judgment declaring that the defendant must defend and indemnify it pursuant to the workers' compensation and employers' liability insurance policy issued by the defendant to the plaintiff. The defendant appeals from the denial of its cross motion for summary judgment.

The plaintiff failed to provide the defendant with timely notice of the pendency of the personal injury action that was commenced by Wilner against the plaintiff, and the delay vitiated the plaintiff's coverage under the aforementioned policy. Moreover, the plaintiff did not proffer a reasonable excuse for its failure to notify the defendant of the pendency of the personal injury action against it *(see, White v City of New York,* 81 NY2d 955), and notice of Wilner's workers' compensation claim may not serve as notice of the subsequent actions in this case *(see, Hovdestad v Interboro Mut. Indem. Ins. Co.,* 135 AD2d 783). Under these circumstances, the Supreme Court should have granted the defendant's motion for summary judgment and declared that the defendant does not have an obligation to defend or indemnify the plaintiff *(see, Mount Vernon Fire Ins. Co. v Gatesington Equities,* 204 AD2d 419; *Winstead v Uniondale Union Free School Dist.,* 201 AD2d 721). Sullivan, J. P., Balletta, Lawrence and Florio, JJ., concur.