■ New York City Housing Authority, Appellant, v Insurance Company of North America et al., Respondents. [620 NYS2d 347] —Order and judgment (one paper), Supreme Court, New York County (Herman Cahn, J.), entered on or about October 12, 1993, inter alia, granting defendant insurers' motions for summary judgment, and declaring in their favor that they are not obligated to indemnify plaintiff under their respective excess personal liability insurance policies for the incident that gave rise to the underlying action, unanimously affirmed, without costs.

The underlying action was brought on behalf of a child who fell from an eighth floor window in a building owned and maintained by plaintiff, a public authority, allegedly because of a defective window guard or stop. The record shows that while plaintiff promptly forwarded to defendants the notice of claim that was served on it, its attorney later incorrectly advised defendants on several occasions that no lawsuit had been commenced, the last such advice being that the parent's derivative claim was time barred and that plaintiff was closing its file on the accident, when in fact a timely lawsuit had been commenced eight months earlier. Plaintiff then waited some four years before answering the complaint, and nearly three years passed before it finally advised defendants of the pendency of the underlying lawsuit. We agree with the IAS Court that by then, defendants' ability to defend had been prejudiced by destruction of documents concerning the contractor who had replaced the windows in the building prior to the accident, and by their inability to locate the housing manager who allegedly had been given notice of the lack of guards or locks on the windows. No issue of fact exists that plaintiff breached its duty of cooperation, including an obligation under the first excess policy, incorporated into the second

excess policy, to "immediately forward" all "process" to the insurer, and indeed, through its attorney, actually misled defendants concerning the status of the underlying lawsuit, to defendants' prejudice. Concur—Ellerin, J. P., Ross, Rubin, Nardelli and Williams, JJ.