(July 27, 1995)

■ EDWARD THOMSON, JR., et al., Plaintiffs, v POWER AUTHORITY OF THE STATE OF NEW YORK, Defendant and Third-Party Plaintiff, et al., Third-Party Defendant. POWER AUTHORITY OF THE STATE OF NEW YORK, Second Third-Party Plaintiff-Respondent-Appellant, v ZURICH-AMERICAN INSURANCE COMPANY, Second Third-Party Defendant-Appellant-Respondent, and CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA, Second Third-Party Defendant-Respondent-Appellant. [629 NYS2d 760] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered on or about May 26, 1994, which denied the motions by second third-party defendants Zurich-American Insurance Company and Central National Insurance Company of Omaha for summary judgment and the cross-motion by second third-party plaintiff The Power Authority of the State of New York, unanimously modified, on the law, to the extent of granting the motions by the second third-party defendants for summary judgment declaring that both second third-party defendants have no duty to defend or indemnify Crouse Nuclear Energy Services, Inc. pursuant to their respective policies, and otherwise affirmed, with costs and disbursements payable by second third-party plaintiff.

Plaintiff Edward Thomson, Jr., while working for Crouse Nuclear Energy Services, Inc. (Crouse), was injured at the Indian Point Power Plant owned by defendant and second third-party plaintiff Power Authority of the State of New York (Power Authority). On the date of the accident Zurich-American Insurance Company (Zurich) insured Crouse for workers' compensation and employer's liability, and Central National Insurance Company of Omaha (Central National) provided general liability insurance to Crouse under a "claims-

made" policy form. Zurich was notified of the accident and began paying workers' compensation pursuant to its policy with Crouse. Thereafter in February 1984, this action was commenced against the Power Authority. The defendant impleaded Crouse as a third-party defendant asserting claims for contribution and indemnification in November 1984. Crouse appeared by its own counsel. It did not ask either Zurich or Central National to represent it and, indeed, did not notify either insurer of the action. The action proceeded until July 1987, at which time Crouse declared bankruptcy resulting in a stay of the action. In June 1988, the Power Authority commenced a second third-party suit against both Zurich and Central National seeking a declaration that both were obligated to defend and indemnify under their respective policies.

After some discovery, both insurers moved for summary judgment as did the Power Authority. The IAS Court denied all motions finding issues of fact. This holding by the *nisi prius* court was erroneous and, therefore, we reverse as to the denial of summary judgment to the second third-party defendant-insurers.

Initially, we note that the interpretation and application of unambiguous language in policies of insurance is a legal issue for the court (*see, Breed v Insurance Co.*, 46 NY2d 351, 355). It is also well-established that the insured or the party seeking a declaration of coverage is obliged in the first instance to demonstrate the existence of coverage and the satisfaction of all conditions precedent, including the timeliness of notice. "Notice provisions in insurance policies afford the insurer an opportunity to protect itself (*Utica Sanitary Milk Co.* v. *Casualty Co. of Amer.*, 210 N. Y. 399; 31 N. Y. Jur., Insurance, § 1261), and the giving of the required notice is a condition to the insurer's liability. (*Rushing* v. *Commercial Cas. Ins. Co.*, 251 N. Y. 302.) Absent a valid excuse, a failure to satisfy the notice requirement vitiates the policy (*Deso* v. *London & Lancashire Ind. Co.*, 3 N Y 2d 127; Insurance Law, § 167, subd. 1, par. [d]), and the insurer need not show prejudice before it can assert the defense of noncompliance. (31 N. Y. Jur., Insurance, § 1262.)" (*Security Mut. Ins. Co. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 440.)

With respect to Zurich, there is no dispute that this insurer received notice of the *accident* from Crouse and began paying under the workers' compensation policy. However, with respect to the *lawsuit*, it is likewise undisputed that Zurich first received notice of the third-party action against Crouse some three and one-half years *after* the action was commenced

against Crouse. The Zurich policy requires that the insured "shall immediately forward to [Zurich] every demand, notice, summons or other process received by him".

With respect to Central National, there is *no* language in the policy that requires timely notice. However, in such cases where the policy is silent, the law implies a duty to give timely notice within a *reasonable* time (*Ell Dee Clothing Co. v Marsh*, 247 NY 392, 396).

Thus, with respect to both insurers, the notice given by the Power Authority was untimely as a matter of law, occurring five years after the accident and almost four years after the insured, Crouse, was first impleaded by the Power Authority (*see, Security Mut. Ins. Co. v Acker-Fitzsimons Corp., supra*). The Power Authority contends that both insurers failed to disclaim and should have sent separate disclaimers in accordance with the requirements of Insurance Law § 3420 (d). Central National first heard of the accident and the claim when the Power Authority served its third-party complaint years after both occurred. Likewise, Zurich first became aware of the claim when the third-party complaint was served on it. While there is some doubt whether section 3420 (d) applies to a party seeking pro rata contribution (*see, Hartford Acc. & Indem. Co. v CNA Ins. Cos.*, 99 AD2d 310, 314), the statute requires "written notice" of such disclaimer. Under the circumstances, the assertion by both insurers of the untimely notice defense in their respective answers to the second third-party complaint was proper and timely pursuant to the Insurance Law and constituted sufficient notice of disclaimer. The written notice requirement of section 3420 can be satisfied by pleadings in such a case (*see, Matter of Allcity Ins. Co. [Jimenez]*, 78 NY2d 1054, 1056; *Norfolk & Dedham Mut. Fire Ins. Co. v Petrizzi*, 121 AD2d 276, 277, *lv denied* 68 NY2d 611), and reasonable time requirements of that section. Concur—Murphy, P. J., Rosenberger, Nardelli and Williams, JJ.