■ VILES CONTRACTING CORP., Appellant, v HARTFORD FIRE INSURANCE COMPANY, Respondent, et al., Defendant. [708 NYS2d 281] —Order, Supreme Court, Bronx County (George Friedman, J.), entered on or about June 30, 1999, which, insofar as appealed from, granted defendant-respondent's motion for summary judgment, unanimously modified, on the law, to declare that defendant-respondent is not obligated to defend and indemnify plaintiff in the underlying action, and otherwise affirmed, without costs.

Plaintiff asserts that it did not learn of the underlying action until the conditional default order was served on the person designated as its agent with the Secretary of State. While this circumstance may be sufficient to raise an issue of fact as to whether plaintiff complied with its obligation under section E (2) (b) (2) of the subject policy to give defendant notice of the suit as soon as practicable (*see, Agoado Realty Corp. v United Intl. Ins. Co.*, 260 AD2d 112), it is not sufficient to raise an issue of fact as to whether plaintiff complied with its obligation under section E (2) (c) (1) to immediately send defendant copies of any legal papers received. No valid reason is given for plaintiff's almost two-month delay in notifying defendant of its receipt of the conditional default order (*cf., Power Auth. v Westinghouse Elec. Corp.*, 117 AD2d 336, 342). We have considered plaintiff's other arguments and find them unpersuasive. Concur—Williams, J. P., Mazzarelli, Rubin, Buckley and Friedman, JJ.