■ Basyl Almalabeh et al., Plaintiffs, v Chelsea 19 Associates, Defendant and Third-Party Plaintiff, et al., Defendants. J & J Duct Cleaning, Inc., et al., Third-Party Defendants and Fourth-Party Plaintiffs-Respondents; State Insurance Fund, Fourth-Party Defendant-Appellant. (And Related Third-Party Actions.) [708 NYS2d 700] —In an action to recover damages for personal injuries, etc., in which a fourth-party action was commenced by the third-party defendants J & J Duct Cleaning, Inc., and Benson Chimney & Furnace Cleaning Co. Inc., for a judgment declaring that the fourth-party defendant State Insurance Fund, has a duty to defend and indemnify them in the third-party action pursuant to a policy of insurance it issued to them, the fourth-party defendant appeals from an order of the Supreme Court, Kings County (Barron, J.), dated June 8, 1999, which denied its motion for summary judgment and granted

the cross motion of the fourth-party plaintiffs for summary judgment declaring that it was obligated to indemnify them in the third-party action.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the cross motion is denied, and the matter is remitted to the Supreme Court, Kings County, for entry of a judgment declaring that the fourth-party defendant is not required to defend or indemnify the fourth-party plaintiffs in the third-party action, and the fourth-party action is severed.

It is undisputed that the fourth-party defendant, State Insurance Fund (hereinafter the SIF), did not receive the pleadings in the third-party action until more than 18 months after it was commenced. Within a few days of receiving the pleadings the SIF sent a written disclaimer notice to the fourth-party plaintiffs based upon their failure to comply with a notice provision in the policy requiring them to promptly forward all legal papers to the SIF. Under these circumstances, the Supreme Court should have granted the motion of the SIF for summary judgment and entered a judgment in the fourth-party action declaring that the SIF does not have an obligation to defend or indemnify the fourth-party plaintiffs in the third-party action (*see, New York City Hous. Auth. v Insurance Co.,* 210 AD2d 152; *57th St. Mgt. Corp. v Zurich Ins. Co.,* 208 AD2d 801). The Supreme Court erred in ruling that the disclaimer letter was defective because it was not sent to the attorney for the fourth-party plaintiffs (*see,* Insurance Law § 3420 [d]). Joy, J. P., Goldstein, H. Miller and Schmidt, JJ., concur.