(January 17, 2002)

■ T & S MASONRY, Respondent, v STATE INSURANCE FUND, Appellant. [736 NYS2d 350] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered on or about July 6, 2000, which, in a declaratory judgment action, granted plaintiff's motion for summary judgment, unanimously reversed, on the law, without costs, defendant's cross motion granted, and it is declared that defendant is not obligated to insure, defend, or indemnify plaintiff regarding common-law based claims asserted against it by nonparty Kay Construction Corp. in an underlying personal injury action.

William Gosek commenced the underlying action on March 14, 1995 against Lunt Theatre Company and Lunt Nederlander Corporation (Lunt), alleging that their negligence caused him to fall from a ladder while working on their premises on April 21, 1992. Paragraph 29 of Mr. Gosek's complaint states that he was employed by Kay Construction, the general contractor. On September 7, 1995, Lunt commenced a third-party action against Kay Construction for indemnification and contribution alleging that Kay employed Mr. Gosek at the time of the accident.

Plaintiff T & S Masonry has two insurance carriers, Scottsdale Insurance Company and defendant State Insurance Fund (SIF). Scottsdale's policy covers any claims based on a contractual relationship, but excludes common-law claims of personal injury, which SIF's policy covers. SIF is also Kay Construction's insurance carrier.

On October 27, 1995, a Workers' Compensation Board hearing took place. SIF representatives attended the hearing on behalf of T & S and Kay Construction. In addition, Kay was represented by other attorneys. According to a memorandum written by T. Gilroy, T & S's representative, SIF conducted an investigation of the accident, and prepared a report. A representative of SIF had written T & S on September 18, 1995, advising it of the investigation. Although the identity of Mr. Gosek's employer was uncertain, Mr. Gilroy believed that T & S would eventually be found to have been his employer. The memorandum states that plaintiff was out of business, and that SIF had a copy of Mr. Gosek's summons and complaint

against Lunt. The hearing was adjourned for the testimony of Mr. Gosek, and the principals of Kay and T & S.

On May 3, 1996, Kay Construction commenced a fourth-party action against T & S, its subcontractor, alleging that T & S employed Mr. Gosek at the time of the accident. On June 24, 1996, counsel for T & S, retained by Scottsdale, served an answer to the fourth-party complaint.

On August 29, 1996, a second Workers' Compensation Board hearing took place, at which the administrative law judge ruled that T & S employed Mr. Gosek at the time of the accident. Mr. Gosek was the only witness at the hearing. As in the previous hearing, SIF representatives appeared on behalf of Kay Construction and plaintiff. Kay Construction was also represented by its own counsel.

Counsel for T & S did not learn of the Board's determination until December of 1997. Two months later, on February 24, 1998, counsel wrote to SIF on behalf of Scottsdale, requesting that SIF provide insurance in the underlying action. SIF denied coverage claiming that plaintiff breached the notice provision of its policy by failing to give SIF notice of the fourth-party action. The notice provision requires T & S, in relevant part, to "[t]ell [SIF] at once if injury occurs that may be covered by this policy," and "[p]romptly give [SIF] all notices, demands, and legal papers related to the injury, claim, proceeding or suit."

In the ensuing declaratory judgment action, the IAS court granted the motion of T & S, and ordered SIF to insure, defend, and indemnify T & S on the common-law claims asserted against it in the fourth-party action. The court found that at the second Workers' Compensation Board hearing on August 26, 1996, reference was made to the fourth-party action. The court also found that T & S provided SIF with notice of the accident "at once," as evidenced by the September 18, 1995 letter from SIF's representative advising T & S of the impending investigation. In addition, the court found T & S "promptly" gave SIF all notices, demands, and all legal papers related to the injury and the ensuing litigation.

On appeal, SIF does not dispute that it was on notice of the accident and the underlying lawsuit. It argues, however, that it was not on notice of the fourth-party action until 20 months after it was commenced. SIF also argues, and T & S does not dispute, that at the Workers' Compensation Board hearing, reference was made to Mr. Gosek's lawsuit against Lunt, but not to the fourth-party action. T & S argues that SIF was on notice of the third- and fourth-party actions, and, in any event, T & S's counsel's delay in giving notice of the lawsuit and

forwarding legal documents was reasonable under the circumstances. Those circumstances include the fact that plaintiff went out of business prior to the commencement of the fourth-party action, the confusion as to Mr. Gosek's employer, and the late date on which plaintiff's counsel learned that plaintiff was Mr. Gosek's employer.

While it is true that SIF knew of the accident and the underlying lawsuit, there is no evidence that it knew of the third- or fourth-party actions. Although an SIF representative appeared at the two Workers' Compensation Board hearings on Kay Construction's behalf, Kay Construction was represented by its own attorneys both times. At the time of the first Board meeting, the underlying lawsuit and third-party actions had been filed, yet Mr. Gilroy only made a reference in his memorandum to the former, indicating that he was not aware of the latter. At the second Board meeting, Mr. Gilroy made a reference to the underlying action again, but not to the third- or fourth-party actions, even though both had been filed by then. Notice of the accident and the underlying claim was not sufficient to give SIF notice of the third- or fourth-party actions.

None of the reasons offered by T & S serve as a valid excuse for its delay in notifying SIF of the claims and forwarding the appropriate documents. Although T & S has been out of business since before the underlying action was commenced, its counsel, who received and answered the summons and complaint, and engaged in motion practice with Mr. Gosek, does not claim to have been ignorant of T & S's policy with SIF. Thus, the delay in providing the requisite notice was unreasonable as a matter of law, and no showing of prejudice by SIF is necessary (*see, Thomson v Power Auth.*, 217 AD2d 495; *Viles Contr. Corp. v Hartford Fire Ins. Co.*, 271 AD2d 349). Concur—Nardelli, J.P., Andrias, Saxe and Rosenberger, JJ.