■ NEW YORK MUTUAL UNDERWRITERS, Appellant, v JOHN BAUMGARTNER, Individually and Doing Business as RAINBOW ENTERPRISES, et al., Respondents, et al., Defendants. [797 NYS2d 210]—

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (John F. O'Donnell, J.), entered June 17, 2003. The judgment denied plaintiff's motion, granted the cross motion of defendant Mark Mach and declared that plaintiff must defend and indemnify defendants John Baumgartner, individually, and John Barmgartner, doing business as Rainbow Enterprises, and Paul Goldsmith, also known as Paul Baumgartner, in an underlying action.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by granting the motion in part, denying the cross motion, vacating the declaration, and granting judgment in favor of plaintiff as follows:

It is adjudged and declared that plaintiff is not obligated to defend or indemnify defendants Mary Beth Baumgartner and Paul Goldsmith, also known as Paul Baumgartner, in the underlying action and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking a judgment declaring that it has no obligation to defend or indemnify the defendants in the underlying action brought by Mark Mach, a named defendant herein. Mach commenced the underlying action seeking damages for injuries he sustained on

August 12, 1997 when he fell from a ladder while removing trees on property allegedly owned by John Baumgartner, individually, and John Baumgartner, doing business as Rainbow Enterprises (Baumgartner), also a named defendant herein. Baumgartner owns two adjacent parcels, only one of which, i.e., the parcel located at 5661 Clinton Street, is insured by plaintiff. It is undisputed that plaintiff did not receive notice of Mach's accident until late September 2000, after Mach commenced the underlying action. By letter dated November 9, 2000, plaintiff disclaimed coverage to Baumgartner on the grounds that, inter alia, Baumgartner failed to comply with the policy provision requiring that notice of the occurrence be given "as soon as practicable" and failed to forward to plaintiff a letter he had received from Mach's attorney in approximately November 1999. Also by letter dated November 9, 2000, plaintiff disclaimed coverage to, inter alia, Mary Beth Baumgartner (M. Baumgartner), Paul Goldsmith, also known as Paul Baumgartner (Goldsmith), and Golden Crescent Inc., doing business as Kuznik's Casino, Golden Crescent Inc., doing business as Kuznik's House of Blues, and Golden Crescent Inc., doing business as Belle Starr (collectively, Golden Crescent), all of whom are named defendants herein. The stated grounds for that disclaimer were that those defendants were not insureds under the policy, they did not provide timely notice of the occurrence, and they did not timely forward "suit papers" to plaintiff. By letter dated December 29, 2000, plaintiff disclaimed coverage to Baumgartner on the additional ground that the accident did not occur on property insured by plaintiff.

Plaintiff commenced this declaratory judgment action and, in his answer, Mach asserted as a counterclaim that plaintiff is obligated to indemnify Baumgartner "and/or" Goldsmith "and/or" the other defendants. Plaintiff thereafter moved for a default judgment against Baumgartner, M. Baumgartner, Goldsmith, and Golden Crescent; for partial summary judgment dismissing the affirmative defenses of Mach and defendant Patricia Frye, who holds the mortgage on the property where the accident occurred; and for "leave to serve" defendant Leon R. Kuznik. Mach cross-moved for summary judgment seeking a declaration that plaintiff must indemnify Baumgartner and Goldsmith. Supreme Court denied plaintiff's motion and granted Mach's cross motion, declaring that plaintiff must defend and indemnify Baumgartner and Goldsmith in the underlying action. Plaintiff appeals.

Plaintiff contends that it is not required to defend or indemnify Baumgartner because Baumgartner failed to provide

notice of the occurrence to plaintiff or its agent as soon as practicable. We reject that contention. Although plaintiff did not receive notice of the occurrence until after Mach commenced his action, Goldsmith submitted an affidavit wherein he averred that he told Ken Ross of The Kreiner Company, Inc. (Kreiner) of the occurrence shortly after the accident. Although in the proceedings before the motion court plaintiff argued that Kreiner was the agent of Baumgartner, we note that plaintiff has admitted in its motion papers in support of its motion to withdraw its brief and serve an amended brief in this appeal that, at least at one point in time, there was an agency relationship between Kreiner and plaintiff. The insurance policy lists Kreiner as "AGENT" and allowed Baumgartner to give the required notice of the occurrence to "**our** agent." Baumgartner thus complied with the policy requirement that he give notice of the occurrence as soon as practicable. Plaintiff contends that there is an issue of fact whether Goldsmith informed Ross of the accident, but plaintiff failed to submit any evidence contradicting Goldsmith's sworn statement.

We agree with plaintiff, however, that there is an issue of fact whether Baumgartner received any legal papers prior to receipt of the summons and complaint and thus whether he failed to comply with the requirement that he promptly forward all legal papers to plaintiff. We thus agree with plaintiff that the court erred in declaring that plaintiff must defend and indemnify Baumgartner. Pursuant to the policy, Baumgartner was required to "forward to [plaintiff] copies of all notices, demands, or legal papers received in connection with the *occurrence*" in a prompt manner. That additional notice requirement is a condition precedent to coverage, and the failure to comply with the provision will justify denial of coverage (*see Fisher v Hanover Ins. Co.*, 288 AD2d 806, 806-807 [2001]; *Steadfast Ins. Co. v Sentinel Real Estate Corp.*, 283 AD2d 44, 54 [2001]; *Almalabeh v Chelsea 19 Assoc.*, 273 AD2d 261, 262 [2000]). Here, Baumgartner informed plaintiff that he did not learn until October 2000 that Mach intended to pursue a claim against him. However, Goldsmith stated to plaintiff that, a year prior to October 2000, or perhaps in May 2000, Baumgartner received a letter from a law firm regarding Mach's accident. There is thus an issue of fact whether Baumgartner complied with that condition precedent.

Furthermore, the court erred in declaring that plaintiff must defend and indemnify Baumgartner because there is a further issue of fact whether Mach was injured on property insured by plaintiff. At his deposition, Mach could not state precisely where

the accident occurred and it is undisputed that, although plaintiff insures Baumgartner's property at 5661 Clinton Street, Baumgartner also owns an adjacent wooded parcel. In his complaint, Mach alleged that Baumgartner "was the owner of the building at 5661 Clinton Street and all adjacent property at that address hereinafter referred to as the construction site" and alleged that he was injured at the construction site. The policy provides that plaintiff will pay for bodily injury caused by an occurrence, and it further provides that "[t]he *bodily injury* or *property damage* must result from the ownership, maintenance or use of the *insured premises,* and operations necessary or incidental to *your business* and conducted from the *insured premises.*" Under the exclusions portion, the policy provides that plaintiff will not pay for "*bodily injury* or *property damage* arising out of operations on or from premises (other than the *insured premises*) owned by, rented to or controlled by the *named insured.*" Plaintiff relied on both of those policy provisions in its disclaimer letter of December 29, 2000. We agree with plaintiff that, pursuant to the terms of the policy, there is no coverage if the accident occurred on that portion of Baumgartner's property that was not insured under the policy, and there is an issue of fact whether the accident occurred on the insured property.

We reject Mach's contention that plaintiff waived any reliance on the policy provisions regarding the covered premises because its disclaimer was untimely as a matter of law. An insurer need not issue a disclaimer "when a claim falls outside the scope of the policy's coverage portion," but a disclaimer is necessary "when denial of coverage is based on a policy exclusion without which the claim would be covered" (*Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d 185, 188-189 [2000]). Here, the policy provision that the injury must result from the ownership, maintenance or use of the insured premises and operations conducted from the insured premises necessarily excludes this incident if it occurred outside the insured premises. Plaintiff need not rely on the exclusion that plaintiff will not pay for bodily injury arising out of operations on or from premises, other than the insured premises, owned by the named insured (*cf. Markevics v Liberty Mut. Ins. Co.*, 97 NY2d 646, 648-649 [2001]). Rather, the exclusion simply reinforces the provision that plaintiff will pay only for those injuries resulting from operations conducted from the insured premises. Thus, contrary to Mach's contention, this is not a situation in which the claim would be covered but for the policy exclusion.

Although plaintiff contends that it has no obligation to defend

or indemnify any of the defendants, it does not specifically address Frye and Kuznik in its brief on appeal and thus is deemed to have abandoned its appeal with respect to those defendants (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]). With respect to Golden Crescent, M. Baumgartner, and Goldsmith, plaintiff contends that it is entitled to a declaration against those parties based on their default. Plaintiff is not entitled to a default judgment against Golden Crescent because "[a] default judgment may not be granted against a nonappearing corporation without proof of compliance with the additional service requirements of CPLR 3215 (g) (4) (i)" (*Ocuto Blacktop & Paving Co. v Trataros Constr.*, 277 AD2d 919, 920 [2000]), and there was no such proof of compliance here. Plaintiff is entitled to a default judgment against M. Baumgartner and Goldsmith only if it establishes that it is entitled to the declaration sought with respect to them (*see Merchants Ins. Co. of N.H. v Long Is. Pet Cemetery*, 206 AD2d 827, 828 [1994]). Here, plaintiff established its right to a declaration that it has no obligation to defend or indemnify those two defendants inasmuch as they are not named insureds under the policy, and thus plaintiff established its entitlement to a default judgment with respect to them.

We therefore modify the judgment accordingly. Present— Hurlbutt, J.P., Scudder, Kehoe, Gorski and Hayes, JJ.