[805 NYS2d 391]

CITY OF NEW YORK, Appellant, v CONTINENTAL CASUALTY COMPANY, Respondent.

First Department, December 13, 2005

## APPEARANCES OF COUNSEL

*Michael A. Cardozo, Corporation Counsel*, New York City (*Ellen Ravitch, Stephen J. McGrath* and *Richard J. Costa* of counsel), for appellant.

*Ford Marrin Esposito Witmeyer & Gleser, L.L.P.,* New York City (*Jody M. Tawfik* and *Stuart C. Levene* of counsel), for respondent.

## OPINION OF THE COURT

SWEENY, J.

In this declaratory judgment action, plaintiff City of New York appeals from a judgment of the Supreme Court, New York County, which denied its motion for summary judgment and granted summary judgment in favor of defendant, Continental Casualty Company, declaring and adjudging that Continental did not owe a duty to defend or indemnify the City in connection with an underlying personal injury lawsuit. For the reasons stated herein, we now reverse, grant plaintiff's motion and make a declaration in its favor.

Plaintiff entered into a contract with Welsbach Electric Corp. to provide labor and materials for the maintenance of illuminated traffic signals in Queens. The contract required Welsbach to obtain automobile liability coverage for all vehicles to be used in connection with the contract, as well as coverage for personal injury and property damage arising from performance of this work. It also required Welsbach to indemnify and hold the City harmless for any loss, damage, injury or death.

Welsbach purchased an insurance policy as required by the contract from defendant, naming the City as an additional insured.

On April 4, 2001, an employee of Welsbach named Kraker, working in a "cherry picker" attached to one of Welsbach's trucks, was injured while repairing a defective light on a utility pole. In November 2001, Kraker and his wife commenced a personal injury action against Consolidated Edison Co. (Con Edison), alleging he was electrocuted due to Con Edison's negligence. In September 2002, Con Edison commenced a third-party action against Welsbach, seeking indemnification or con-

tribution based upon unspecified negligence on Welsbach's part. Continental assumed Welsbach's defense of this action in November 2002.

In December 2002, Con Edison commenced a second third-party action against the City, and sought indemnification by and contribution from the City for allegedly failing to provide Kraker with a safe place to work, as well as the necessary training and safety equipment to perform his work. A copy of this second third-party complaint was served on Continental's counsel who was handling Welsbach's defense.

On April 1, 2003, more than three months after this action was commenced, the City faxed the second third-party complaint to Welsbach, requesting that Welsbach forward it, as well as the City's request for defense and indemnification, to Continental. Although the City contends that Kraker's work arose from and was in connection with performance under the contract, and hence within the coverage of Continental's policy, it never directly forwarded the suit papers or demand to Continental.

By letter dated April 29, 2003, Continental acknowledged receipt, on April 2, 2003, of plaintiff's demand for defense and indemnification. However, it declined coverage on the basis that the City had not given prompt notice of the accident and did not immediately send copies of the suit papers.

The City commenced an action seeking a declaration that Continental is obligated to defend and indemnify it with respect to the second third-party action, as well as to recover the defense costs incurred in defending itself in that action. The City thereafter moved for summary judgment, arguing that since Continental was timely notified of the accident by Welsbach and coverage was provided to Welsbach under the policy, it was entitled to rely upon that timely notice. The City also argued that its failure to immediately forward suit papers to Continental was, at most, a failure to cooperate, not failure to give prompt notification.

Continental did not contest the City's argument that the obligation to give notice rested on Welsbach, the named insured. It rested its disclaimer on the failure of the City to immediately forward the suit papers as required under the policy.

The IAS court denied the City's motion and granted summary judgment to Continental, finding that the City's failure to immediately forward suit papers to Continental absolved the insurer of its coverage obligations. The court did not address

the issue of whether the City was required to give notice of the accident to Continental.

Under the insurance policy issued in this case, two actions are required of an insured in making a claim. The initial step requires that Continental be given notice when an accident has occurred. Once this notice requirement is fulfilled, the insured must cooperate with Continental in the investigation, defense or settlement of the case. This includes the requirement to "[i]mmediately" send copies of any legal papers received by the insured to Continental. Although Continental's letter disclaiming coverage was premised on the City's failure both to give notice of the claim and to forward the suit papers, it rests its argument only on the failure of the City to timely forward the suit papers.

Welsbach was the named insured, the City being an additional insured. The policy provisions address the duties of an insured under section IV (A) (2) (a), which essentially require giving Continental "prompt notice" of the accident or loss. Section IV (A) (2) (b) goes on to require the insured "and any other involved 'insured' " to cooperate with Continental in the investigation and disposition of the claim, including "[i]mmediately" sending copies of all legal papers to Continental.

Under the facts of this case, the City, as defendant in a second third-party action, arising from the same accident as the primary action, could properly rely on the notice given by Welsbach, the primary insured. Continental's argument that both provisions of the policy are notice requirements is without basis. The first provision unambiguously requires the insured to give "prompt notice" of the accident or loss, while the following provision sets out a series of duties which clearly refer to cooperation with the insurer's representatives in the investigation and defense of the action.

Well-established rules governing the interpretation of insurance contracts require that policy provisions that are clear and unambiguous be given their plain and ordinary meaning (*see United States Fid. & Guar. Co. v Annunziata*, 67 NY2d 229, 232 [1986]). The City's failure to promptly forward to Continental the suit papers must therefore be measured under a failure-to-cooperate standard.

An insurer may disclaim coverage where an insured deliberately fails to cooperate with its insurer as required by the policy (*Matter of Liberty Mut. Ins. Co. v Roland-Staine*, 21 AD3d 771 [2005]). The burden of proving lack of cooperation is a heavy

one and rests on the insurer (*Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159, 168 [1967]). Courts must strictly scrutinize the facts of each case, and will allow a disclaimer on the basis of lack of cooperation only when the insured's actions are deliberate (*Matter of New York Cent. Mut. Fire Ins. Co.* [*Salomon*], 11 AD3d 315, 316 [2004]). To meet its burden, an insurer must prove (1) that it acted diligently in seeking to bring about the insured's cooperation, (2) that its efforts were reasonably calculated to obtain the insured's cooperation, and (3) that the insured's attitude demonstrated "willful and avowed obstruction" (*id.* quoting *Thrasher*, 19 NY2d at 168). Mere inaction by the insured is not a sufficient basis for a disclaimer (*see Matter of Empire Mut. Ins. Co.* [*Stroud—Boston Old Colony Ins. Co.*], 36 NY2d 719 [1975]).

Continental's reliance on *Argo Corp. v Greater N.Y. Mut. Ins. Co.* (4 NY3d 332 [2005]) is misplaced. In *Argo*, the insured was notified of a lawsuit against it in February 2000 but did not notify the insurer until May 2001. The Court of Appeals held that this delay was unreasonable as a matter of law and refused to depart from the general rule that an insurer need not show prejudice before disclaiming on late notice of a lawsuit. Significantly, the insurer in *Argo* was not previously given notice by another insured of the accident which gave rise to the lawsuit in question. In addition, the insureds offered no excuse for waiting 14 months after service of the complaint upon the Secretary of State as their agent, six months after service of the default motion upon them, more than three months after default was entered and until almost three months after service of the note of issue upon them, before giving their insurer notice.

The facts of this case are more in accord with *Matter of Brandon* (*Nationwide Mut. Ins. Co.*) (97 NY2d 491 [2002]). There, the carrier received timely notice of claim but late notice of a lawsuit. The carrier disclaimed on the basis of the late notice of suit. While recognizing that early investigation protects carriers from fraud and serves the insurers' need to set reserves and take an early position in settlement negotiations, the Court of Appeals reasoned that notice of claim served these purposes. The Court concluded that based upon the facts in *Brandon*, the late notice of legal action should not be given the same preclusive effect as late notice of claim without some showing of prejudice.

While it is true that the City adopted a lackadaisical attitude in forwarding the suit papers, its actions fall far short of the

standard necessary to sustain Continental's disclaimer. Continental was given timely notice of the occurrence by Welsbach. It also was actively participating in the litigation before Con Edison impleaded the City, and was served with a copy of the complaint against the City by Con Edison when it was originally served. Under these facts, Continental's disclaimer was improper.

With respect to the City's request for costs and fees incurred by it in the defense of the second third-party action, that issue is remanded to ascertain the amount of those costs and fees.

Accordingly, the order and judgment (one paper) of the Supreme Court, New York County (Leland DeGrasse, J.), entered July 22, 2004, which denied plaintiff's motion for summary judgment and granted summary judgment to defendant, should be reversed, on the law, without costs, plaintiff's motion granted, defendant's cross motion denied, a declaration made in plaintiff's favor, and the matter remanded for further proceedings in accordance with the opinion herein.

SULLIVAN, J.P., ELLERIN and NARDELLI, JJ., concur.

Order and judgment (one paper), Supreme Court, New York County, entered July 22, 2004, reversed, on the law, without costs, plaintiff's motion for summary judgment granted, defendant's cross motion for summary judgment denied, a declaration made in plaintiff's favor, and the matter remanded for further proceedings in accordance with the opinion herein.