■ In the Matter of the Arbitration between NEW SOUTH INSURANCE COMPANY/GMAC INSURANCE, Appellant, and MICHAEL D. KRUM et al., Respondents. [835 NYS2d 479]—

Carpinello, J. Appeal from an order of the Supreme Court (Doyle, J.), entered April 25, 2006 in Albany County, which denied petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

In May 2005, respondents, Michael D. Krum and Raymond Reynolds, were injured when the vehicle in which they were traveling collided with a vehicle which was being operated by Resolve Williams. At the time of the accident, Krum maintained an insurance policy with petitioner which provided uninsured motorist coverage and Williams was insured by Progressive Insurance Company. Progressive subsequently disclaimed coverage on the grounds that Williams neither provided notice of the accident nor cooperated with its investigation. Consequently, respondents filed a demand for arbitration for uninsured motorist coverage with petitioner. In response, petitioner commenced this CPLR article 75 proceeding seeking to permanently stay the arbitration contending, among other things, that Progressive's disclaimer was invalid. Supreme Court denied petitioner's application, finding that Williams' failure to notify Progressive of the accident served as a proper basis for its disclaimer. Given that determination, Supreme Court concluded that it need not address the merits of the issue concerning Williams' alleged noncooperation with the investigation. Petitioner now appeals.

Initially, with respect to the issue of notice, it is clear that Williams never informed Progressive of the accident as he was required to do under the conditions of his insurance policy. However, such a failure to give notice did not prevent respondents from directly giving notice of the accident to Progressive (*see* Insurance Law § 3420 [a] [3]; *see also National Grange Mut. Ins. Co. v Diaz*, 111 AD2d 700 [1985]), which they did in a June 3, 2005 letter. Supreme Court, therefore, erred in concluding that Williams' dereliction in this regard required denial of petitioner's application for a stay of arbitration.

Mindful of the foregoing, we must nevertheless affirm. Although Supreme Court did not entertain the issue of noncooperation with the investigation, we note that the record demon-

strates that Progressive, in an effort to discuss the matter with and obtain assistance from Williams, placed unsuccessful telephone calls to him at the home and work numbers which he had provided. Also to no avail, Progressive sent three letters via certified and regular mail to Williams' last known address, which was confirmed through, among other things, Progressive's database and directory assistance. In addition, on two separate occasions, Progressive personnel visited Williams' home address. In the first instance, nobody appeared to be in the house and, in the second instance, a woman who identified herself as Williams' mother answered the door and explained that Williams was aware of the accident and had received Progressive's letters. The mother then advised that she would stress to Williams that his cooperation with the matter was necessary. Despite these efforts by Progressive, Williams never responded or assisted in the investigation. We find that the aforementioned sufficiently establishes that Progressive acted diligently in attempting to secure Williams' cooperation (*see Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159, 168 [1967]) and, in turn, Williams willfully and without any reasonable excuse obstructed the investigation (*see Turkow v Erie Ins. Co.*, 20 AD3d 649, 651 [2005]). Accordingly, Progressive's disclaimer of coverage for noncooperation was valid and, for that reason, petitioner's application for a permanent stay of the arbitration must be denied.

Cardona, P.J., Mercure, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, with costs.