In the Matter of the Arbitration Between ST. PAUL TRAVELERS INSURANCE COMPANY, Appellant, and KAREN KREIBICH-D'ANGELO et al., Respondents. [851 NYS2d 736]—

Peters, J. Appeal from an order of the Supreme Court (Meddaugh, J.), entered December 13, 2006 in Sullivan County, which denied petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

In July 2003, respondent Karen Kreibich-D'Angelo (hereinafter respondent) was allegedly injured when her vehicle was struck during a five-car rear-end collision. The day after the ac-

cident, Jonathan Damphier, a driver of one of the vehicles, contacted his insurer, respondent Progressive Northeastern Insurance Company, to inform it of the accident and provide a recorded statement.

According to an affidavit of service, on January 8, 2005, Damphier's mother was served at "47 *McCleary St.*, Amsterdam, NY" with a copy of a summons and complaint in a personal injury action commenced by respondent against Damphier and others. In April 2005, Progressive was notified of that action by respondent's counsel.

Between April and May 2005, Progressive made several unsuccessful efforts to contact Damphier, ultimately disclaiming coverage in June 2005. Respondent thereafter requested supplemental uninsured/underinsured motorist (hereinafter SUM) arbitration with petitioner, alleging that the vehicle that struck her was uninsured. This CPLR article 75 proceeding sought to permanently stay that arbitration by contending that the disclaimer was invalid. After a hearing, Supreme Court denied the request for a permanent stay and this appeal followed.

Under the clear and unambiguous terms of the subject policy, Damphier was under an obligation to provide Progressive with prompt notice of the action and cooperate with it in its investigation of such matter. While we agree that Damphier's failure to cooperate (*see City of New York v Continental Cas. Co.*, 27 AD3d 28, 31-33 [2005]) may well be the basis for Progressive's disclaimer of coverage, we do not agree that it has sustained the "heavy burden" set forth in *Thrasher v United States Liab. Ins. Co.* (19 NY2d 159 [1967]).

Progressive was required to demonstrate that "it acted diligently in seeking to bring about the insured's co-operation; that the efforts employed by the insurer were reasonably calculated to obtain the insurer's co-operation; and that the attitude of the insured, after his co-operation was sought, was one of 'willful and avowed obstruction' " (*id.* at 168, quoting *Coleman v New Amsterdam Cas. Co.*, 247 NY 271, 276 [1928] [citations omitted]; *see Matter of Empire Mut. Ins. Co. [Stroud—Boston Old Colony Ins. Co.]*, 36 NY2d 719, 721 [1975]; *Mount Vernon Fire Ins. Co. v 170 E. 106th St. Realty Corp.*, 212 AD2d 419, 420 [1995], *lv denied* 86 NY2d 707 [1995]). Upon this sparse record, it appears that after Progressive became aware of the lawsuit in April 2005, it made efforts to locate Damphier through its database, directory assistance, Skiptrace and the information provided by him in his recorded statement. Between April and May 2005, Progressive placed six telephone calls to

what it believed to be Damphier's residence and left voicemail messages on all but two occasions. A reservation of rights letter was then sent by certified and first class mail to Damphier at "47 *McCleary Avenue.*" Subsequently, Progressive made contact with someone purporting to be Damphier's brother who suggested that it contact the Maritime School in Maryland. Once the number he provided proved to be incorrect, it appears that no further efforts were made. In May 2005, someone claiming to be Damphier's sister advised Progressive that Damphier was residing with his mother at the "*McCreary Avenue*" address. When Progressive finally went to that address, at a time not disclosed in the record, no one was home. A denial letter was sent by certified and first class mail to Damphier at the "*McCleary Avenue*" address in June 2005.

These efforts were insufficient under *Thrasher.* Progressive never explained the seeming confusion in the record between a *McCleary* Avenue address and a *McCreary* Avenue address, nor the discrepancy between McCleary *Street* and McCleary *Avenue.* Moreover, nothing in the record explains the failure to contact Damphier at his North Carolina address listed in the police accident report. Hence, with no evidence indicating that Damphier knew that Progressive was seeking his cooperation, and that he willfully refused to cooperate (*see Thrasher v United States Liab. Ins. Co.,* 19 NY2d at 168-170; *compare Matter of New S. Ins. Company/GMAC Ins. [Krum],* 39 AD3d 1110, 1111-1112 [2007]), we cannot agree that his attitude was one of " 'willful and avowed obstruction' " (*Thrasher v United States Liab. Ins. Co.,* 19 NY2d at 168, quoting *Coleman v New Amsterdam Cas. Co.,* 247 NY at 276; *see Turkow v Erie Ins. Co.,* 20 AD3d 649, 651 [2005]). Accordingly, since Progressive knew of the lawsuit by April 2005 (*see Matter of Brandon [Nationwide Mut. Ins. Co.],* 97 NY2d 491, 498 [2002]; *New York Mut. Underwriters v Kaufman,* 257 AD2d 850, 851 [1999]), we find its disclaimer invalid; "[m]ere inaction by the insured is not a sufficient basis" (*City of New York v Continental Cas. Co.,* 27 AD3d at 32).

Mercure, J.P., Carpinello, Rose and Kavanagh, JJ., concur. Ordered that the order is reversed, on the law, without costs, and application to permanently stay arbitration granted.