■ LIBERTY MOVING & STORAGE COMPANY, INC., Appellant, v WESTPORT INSURANCE CORPORATION, Defendant, and NEW YORK STATE INSURANCE FUND, Respondent. [865 NYS2d 724]—

Carpinello, J. Appeal from a judgment of the Supreme Court (Egan, Jr., J.), entered September 7, 2007 in Albany County, which, among other things, granted a cross motion by defen-

dant New York State Insurance Fund for summary judgment dismissing the complaint against it.

The genesis of this action is an April 5, 2001 injury sustained by Christopher Tambini in the course of his employment with plaintiff. On that day, Tambini was moving a voting booth into a New York City polling place when the booth became stuck on a section of a cement ramp in disrepair causing injury to his back. Four days later, the incident was reported to plaintiff's workers' compensation carrier, defendant New York State Insurance Fund (hereinafter Fund), by way of a C-2 claim form.[1] Indeed, workers' compensation benefits were thereafter provided for two slipped disks. In 2002, Tambini and his wife commenced a premises liability action against the City of New York.

In June 2005, the City of New York commenced a third-party action against plaintiff seeking contribution and indemnification pursuant to an agreement between them and under common law. While plaintiff notified its general liability carrier, defendant Westport Insurance Corporation, of the third-party action in July 2005, it did not so notify the Fund. Rather, it was not until June 2, 2006 that the Fund first learned of the third-party action. After obtaining a copy of the pleadings on June 6, 2006, one day later the Fund disclaimed any duty to defend or indemnify. While three separate grounds were asserted for the disclaimer, the propriety of only two remain at issue here, namely, that plaintiff failed to provide prompt notice of the third-party action and that Tambini did not suffer a grave injury. This declaratory judgment action seeking to compel the Fund to defend and indemnify plaintiff in the Tambini action ensued.[2] Plaintiff now appeals from a judgment of Supreme Court granting summary judgment to the Fund.

The failure to comply with a notice requirement of a liability insurance contract vitiates the contract and, under such circumstances, the carrier is not required to demonstrate actual prejudice from the delay in order to successfully disclaim coverage (see *Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742, 743 [2005]; *Argo Corp. v Greater N.Y. Mut. Ins. Co.*, 4 NY3d 332, 339 [2005]; *American Home Assur. Co. v International Ins. Co.*, 90 NY2d 433, 441-443 [1997]). Here, the subject workers' compensation policy requires plaintiff, in relevant part, to report

---

1. The policy issued by the Fund was a workers' compensation and employers' liability policy.

2. While Westport initially disclaimed coverage and was also named as a party in this declaratory judgment action, the dispute between plaintiff and Westport has been settled and is therefore not before us.

any injury "at once" and to "[p]romptly give [the Fund] all notices, demands and legal papers related to the injury, claim, proceeding or suit." Sworn evidence submitted by the Fund, which plaintiff failed to adequately refute, established that plaintiff did not provide notice of the third-party action until June 2, 2006, nearly 11 months after having been served.[3] No explanation or excuse for this delay has been asserted. Supreme Court ruled that this delay was unreasonable as a matter of law and plaintiff does not take issue with this specific finding on appeal. Rather, plaintiff argues that, because the Fund has neither pleaded nor proved prejudice for any delay in forwarding the pleadings in the third-party action (and the Tambini action), the Fund is obligated to defend it in the Tambini action.

While the Fund received notice of Tambini's accident four days after it occurred by way of the C-2 claim form seeking workers' compensation benefits, this notice did not satisfy plaintiff's separate obligation to provide prompt notice of the third-party lawsuit that had been commenced against it (*see T & S Masonry v State Ins. Fund*, 290 AD2d 308, 310 [2002]; *Thomson v Power Auth. of State of N.Y.*, 217 AD2d 495, 496 [1995]; *57th St. Mgt. Corp. v Zurich Ins. Co.*, 208 AD2d 801, 802 [1994]; *see generally Sorbara Constr. Corp. v AIU Ins. Co.*, 41 AD3d 245, 246 [2007]). Moreover, we find that the Fund was not required to demonstrate prejudice in order to successfully disclaim coverage (*see Great Canal Realty Corp. v Seneca Ins. Co., Inc., supra; Argo Corp. v Greater N.Y. Mut. Ins. Co., supra; see also Thomson v Power Auth. of State of N.Y.*, 217 AD2d at 495; *57th St. Mgt. Corp. v Zurich Ins. Co.*, 208 AD2d at 801). We are unpersuaded that recent departures from the general "no prejudice" rule in the context of supplemental uninsured and underinsured motorists coverage under automobile insurance policies (*see e.g. Rekemeyer v State Farm Mut. Auto. Ins. Co.*, 4 NY3d 468 [2005]; *Matter of Brandon [Nationwide Mut. Ins. Co.]*, 97 NY2d 491 [2002]; *Matter of Nationwide Mut. Ins. Co.*

---

**3.** Since the undisputed proof establishes that the Fund issued a written disclaimer five days after first learning of the third-party action and one day after receiving requested pleadings, no question of fact has been raised concerning the timeliness of the Fund's disclaimer. In other words, the undisputed facts demonstrate that the Fund disclaimed within, at most, five days which, as a matter of law, cannot be deemed unreasonable (*see First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 68-69 [2003]; *Matter of Temple Constr. Corp. v Sirius Am. Ins. Co.*, 40 AD3d 1109, 1112 [2007]). Accordingly, we need not tarry over the disputed issue of whether Insurance Law § 3420 (d), which requires insurers to provide written notice of any disclaimer of liability or denial of coverage as soon as is reasonably possible, applies to the Fund (*see* Insurance Law § 1108 [c]).

*[Mackey]*, 25 AD3d 905 [2006]) should be extended to the facts of this case.

Mercure, J.P., Spain, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed, with costs.