Order, Supreme Court, New York County (0. Peter Sherwood, J.), entered November 8, 2013, which, inter alia, denied the motion of defendant XL Specialty Insurance Company (XL) to dismiss plaintiff insured’s claim for breach of contract, unanimously affirmed, without costs.
Although the “interpretation and application of unambiguous language in policies of insurance is a legal issue for the court” (Thomson v Power Auth. of State of N.Y., 217 AD2d 495, 496 [1st Dept 1995]), the subject policy issued by XL is ambiguous with respect to whether its requirement of notice with respect to “any” claim pertains to claims that are related under the provisions for “Interrelated Wrongful Acts.” Even assuming that plaintiff did have to notify XL of every interrelated claim as soon as practicable, the documentary evidence fails to resolve all factual issues as a matter of law (see Fortis Fin. Servs. v Fimat Futures USA, 290 AD2d 383 [1st Dept 2002]).
Despite XL’s contention that the documentary evidence demonstrated that plaintiff knew about the three actions at issue in March, April, and May 2011, and yet did not provide notice to XL until a January 2012 email, the “Prior Notice” exclusion in the U.S. Specialty Insurance Company (USS) policy, which provided primary coverage for these actions, provided that USS could deny coverage if plaintiff notified any of its prior insurance companies (see e.g. Zahler v Twin City Fire Ins. Co., 2006 WL 846352, *7, 2006 US Dist LEXIS 14263, *20-21 [SD NY, Mar. 31, 2006, No. 04 Civ 10299 (LAP)]). Triable issues are also raised by the January 2012 email, which was plaintiff’s “notice” of the subject action to XL, and as to the relatedness of the timely claim and three disputed claims.
XL’s argument that plaintiff did not ask for consent to incur defense expenses fails if the claims are found to be interrelated and treated as a single claim under the policy. Furthermore, XL’s August 9, 2012 letter to plaintiffs broker requesting copies of all fees statements for the subject actions, could be found to be a waiver of its right to object to defense expenses.
In view of the foregoing issues, plaintiff’s contention that XL’s disclaimer was untimely cannot be decided at this juncture.
Concur — Mazzarelli, J.P, Saxe, Manzanet-Daniels and Feinman, JJ.