■ BRIDGE STREET CONTRACTING INC., Appellant, et al., Plaintiffs, v EVEREST NATIONAL INSURANCE COMPANY, Respon-

dent, et al., Defendant. CASTLEPOINT INSURANCE COMPANY, Proposed Intervenor-Appellant. [19 NYS3d 501]—

Order, Supreme Court, New York County (Louis B. York, J.), entered January 22, 2014, which granted defendant Everest National Insurance Company's motion for summary judgment dismissing the complaint, denied plaintiff Bridge Street Contracting, Inc.'s cross motion for summary judgment, and denied CastlePoint's motion to intervene, unanimously modified, on the law, solely to declare that Everest has no duty to defend or indemnify Bridge Street in the underlying action, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Everest properly disclaimed coverage based on Bridge Street's late notice of the underlying cross claims and third-party claims, and Everest was not required to show prejudice (*see T & S Masonry v State Ins. Fund*, 290 AD2d 308, 310 [1st Dept 2002]). Everest was not participating in the defense of any party to the underlying action when Bridge Street was served with the cross claims and third-party claims against it, and the record shows that Everest first learned of the claims more than a year after they were asserted (*compare City of New York v Continental Cas. Co.*, 27 AD3d 28, 32-33 [1st Dept 2005] [insurer improperly disclaimed coverage based upon additional insured's failure to immediately forward suit papers, where, among other things, insurer was actively participating in the underlying litigation before the additional insured was impleaded, and where insurer was served with a copy of the complaint against the additional insured when it was originally served]).

Everest's prior disclaimers were only partial disclaimers based solely on the workers' compensation and employer's liability exclusions in its policy, and they were issued before Everest received notice of the underlying cross claims and third-party claims against Bridge Street. Accordingly, Everest did not waive its late notice defense, and immediate notice of the cross claims and third-party claims would not have been "useless."

Bridge Street's antisubrogation argument is improperly raised for the first time on appeal, and the issue cannot be determined on this record (*see Diarrassouba v Consolidated Edison Co. of N.Y. Inc.*, 123 AD3d 525, 525 [1st Dept 2014]).

Given the foregoing determination, the motion court properly dismissed as academic CastlePoint's motion to intervene.

We modify the order solely to issue a declaration in favor of Everest (*see Maurizzio v Lumbermens Mut. Cas. Co.*, 73 NY2d 951, 954 [1989]).

We have considered the appealing parties' remaining contentions for affirmative relief and find them unavailing. Concur—Friedman, J.P., Sweeny, Saxe, Moskowitz and Gische, JJ.