Kensington Ins. Co. v Ramales (2020 NY Slip Op 00922)





Kensington Ins. Co. v Ramales


2020 NY Slip Op 00922


Decided on February 6, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2020

Acosta, P.J., Richter, Kapnick, Mazzarelli, Moulton, JJ.


653234/16 10977NA 10977N

[*1] Kensington Insurance Company, Plaintiff-Appellant,
v
Paulino Ramales, et al., Defendants, Rocio Garcia, Defendant-Respondent.


Ahmuty, Demers & McManus, New York (Frank J. Wenick of counsel), for appellant.
Pasich LLP, New York (Jeffrey L. Schuman of counsel), for respondent.



Order, Supreme Court, New York County (Arhtur F. Engoron, J.), entered April 17, 2018, which granted defendant's motion to vacate her default, and order, same court and Justice, entered November 13, 2018, which granted reargument only to the extent of clarifying that defendant had two meritorious defenses, unanimously affirmed, without costs.
The motion court providently exercised its discretion in accepting defendant's excuse of law office failure where the excuse was reasonably detailed and credible (B & H Fla. Notes LLC v Ashkenazi, 172 AD3d 433, 434 [1st Dept 2019]). As for a meritorious defense, the motion court properly determined that the insured's lack of cooperation had not been established as a matter of law to preclude defendant from asserting it as an improper basis for denial of coverage, as "[m]ere inaction by the insured is not a sufficient basis for a disclaimer" (City of New York v Continental Cas. Co., 27 AD3d 28, 32 [1st Dept 2005]). On reargument, the motion court providently exercised its discretion in granting reargument to clarify that plaintiff also had not established conclusively that the insured did not reside at the premises, and without the policy before it, the issue of whether the insured lived at the premises was not dispositive of whether defendant had a defense to the action (Dean v Tower Ins. Co. of N.Y., 19 NY3d 704, 708 [2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 6, 2020
CLERK